(103 So. 925)

Bus McDANIEL v. STATE. (7 Div. 49.) (Court of Appeals of Alabama. March 17, 1925.) Appeal from Circuit Court, Cherokee County; W. W. Haralson, Judge. Burglary. M. B. Eubanks, of Rome, Ga., and E. O. McCord, of Gadsden, for appellant. Harwell G. Davis, Atty. Gen., for the State.

BRICKEN, P. J. A careful consideration of all the evidence in this case convinces us that the state failed to meet the burden of proof necessary under the law, and that the single insistence of counsel for appellant must be sustained. The only question argued in brief is that the court erred in refusing to give the general affirmative charge. The court did commit error in this connection, as the evidence adduced against this defendant hardly rises to the dignity of a suspicion. Certain it is that the guilt of the defendant was not proven beyond a reasonable doubt and to a moral certainty. Under this evidence the court should have directed the verdict, as requested by defendant in writing, and the failure of the court to give this charge necessitates the reversal of the judgment appealed from and a remandment of the cause. If, upon another trial of this case, if such trial is had, no more testimony is offered against this defendant than the testimony contained in this transcript, he should be discharged from further custody in this proceeding. Reversed and remanded.

---

(102 So. 923)

Annie Mae McENTIRE v. STATE. (6 Div. 640.) (Court of Appeals of Alabama. Dec. 16, 1924.) Appeal from Circuit Court, Jefferson County, Bessemer Division; J. C. B. Gwin, Judge. First degree manslaughter.

FOSTER, J. Appeal dismissed on motion of appellant.

---

(102 So. 923)

Sam McGEE v. STATE. (6 Div. 549.) (Court of Appeals of Alabama. Jan. 13, 1925.) Appeal from Circuit Court, Tuscaloosa County; Fleetwood Rice, Judge. Sam McGee was convicted of manslaughter in the second degree, and he appeals. Reversed and remanded.

William J. Foster and Livingston, Smith & Livingston, all of Tuscaloosa, for appellant.

The argument of the solicitor was not founded on the facts of the case, and the court erred in not excluding such argument. Cross v. State, 68 Ala. 476; Piano v. State, 161 Ala. 88, 49 So. 803; Naro v. State, 209 Ala. 614, 96 So. 761; Guin v. State, 19 Ala. App. 67, 94 So. 788.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

SAMFORD, J. There are many questions presented by this record, which will probably not arise on another trial, and the other questions have so many times been passed on by this court and the Supreme Court that a discussion of them would be but a reiteration of principles many times decided. There is one question presented which entitles the defendant to a reversal. The solicitor, during his argument to the jury, said: "The defendant was down there that day with a belly full of liquor and a gun, and did just what a man with a belly full of liquor and a gun would do." There was no evidence in the record to bear out this statement. On the contrary, the testimony of the witness, of whom inquiry as to this fact was made, was: "If he was [drunk], I couldn't tell it; never smelled it; could not detect it in his conversation." Certainly it was error for the solicitor to go outside the record to make a statement of a fact not testified to by any witness. This case is reversed, on authority of Naro v. State, 209 Ala. 614, 96 So. 761. Reversed and remanded.