(96 South. 346)

ALABAMA POWER CO. v. BRUCE.
(7 Div. 355.)

(Supreme Court of Alabama. April 5, 1923. Rehearing Denied May 10, 1923.)

1. **Evidence** ⊜119(1) — **Evidence concerning street car collision held part of res gestæ, admissible in action for injuries to passenger.**

In an action for personal injuries sustained in a street car collision, testimony by plaintiff to prove that there were 20 to 25 people on the car, and that some of them were thrown from their seats and some were caught and pinned down, *held* part of the res gestæ, and properly admitted as tending to show the force of the impact and violence of the collision.

2. **Appeal and error** ⊜1056(2) — **Evidence** ⊜553(2) — **Excluding answers to hypothetical questions by expert not error where questions defective; exclusion of evidence not prejudicial.**

The exclusion of answers to hypothetical questions asked an expert witness as to the physical condition of plaintiff before and after injuries *held* not error where the questions did not narrate the facts in evidence as to the health, appearance, and nervous condition of plaintiff prior to the accident, and where a favorable answer to a fourth question incorporating the three previous ones and the necessary facts was admitted.

3. **Evidence** ⊜558(1) — **Question asked expert witness on cross-examination held relevant, and answer admissible.**

In an action for personal injuries, a hypothetical question asked an expert witness of defendant on cross-examination, based on facts in evidence as to whether such facts would produce plaintiff's condition complained of, to which he replied, "Well, I think it is possible," *held* relevant, and the answer permissible.

4. **Appeal and error** ⊜1053(2) — **Error in admitting hearsay evidence held cured by instruction withdrawing it.**

In an action for personal injuries, error in the admission of hearsay testimony by plaintiff's mother as to statements made by a physician *held* cured by an instruction withdrawing it from the jury, and directing them to give it no weight whatever in their deliberations.

5. **Trial** ⊜296(13) — **Error in charge held cured by withdrawal.**

Error of the trial court in stating as part of his oral instruction, "You will find but little, if any, conflict in the evidence in this case," *held* cured by subsequent withdrawal.

6. **Trial** ⊜131(3) — **Objection to counsel's argument because unsupported by record should specify such ground.**

An objection to a remark of counsel in argument because there are no facts or testimony in the record for it to rest upon should make known such ground.

**7. Trial ☞125(4)—Argument of counsel that plaintiff was poor, and had to work, though physically unfit, held not improper.**

In an action for personal injuries from a street car collision, which allegedly necessitated an operation for appendicitis and ovarian troubles more than 10 months after the accident, wherein defendant's counsel had argued that plaintiff's ailments did not result from the accident, but from some other cause, and had referred to evidence that after the accident she continued to work as previously, argument by plaintiff's counsel that plaintiff had continued to work "when she really was not physically fit to work," and "this family was poor, and the girl had to work," *held* not improper as indicating either directly or indirectly to request a verdict for plaintiff because the family was poor and she had to work.

Appeal from Circuit Court, Etowah County; O. A. Steele, Judge.

Action of Mae Bruce, by her next friend, C. F. Bruce, against the Alabama Power Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Dortch, Allen & Dortch and O. R. Hood, all of Gadsden, for appellant.

The statement in argument of counsel for appellee that plaintiff's family were poor, and she had to work, was not supported by the evidence, and should have been excluded. Ala. F. & I. Co. v. Williams, 207 Ala. 99, 91 South. 879. The statement by the court in his oral charge that the jury would find but little conflict in the evidence invaded the province of the jury and was error. Am. Ry. Exp. Co. v. Dunnaway & Lambert, 207 Ala. 392, 92 South. 780; Moulton v. State, 199 Ala. 411, 74 South. 454. It is right of a party to incorporate in hypothetical questions his own theory or hypothesis. 7 Mayf. Dig. 322; Grasselli v. Davis, 166 Ala. 477, 52 South. 35; 1 Wigmore on Ev. § 672; Page v. State, 61 Ala. 18. How many people were on the car at the time of the collision was irrelevant and prejudicial to defendant. 7 Mayf. Dig. 307; Hadnot v. State, 3 Ala. App. 105, 57 South. 383; Wells Co. v. Means, 2 Ala. App. 575, 56 South. 594; A. G. S. R. Co. v. Guest, 144 Ala. 379, 39 South. 654.

Goodhue & Goodhue of Gadsden, for appellee.

The statement in argument of counsel was a collective fact justified as a conclusion from the evidence. L. R. A. 1918D, 7; B. R., L. & P. Co. v. Gonzalez, 183 Ala. 273, 61 South. 80, Ann. Cas. 1916A, 543. The withdrawal of his statement by the court was sufficient, and no further action was required. Defendant having had the benefit thereof in a subsequent question, there was no error in sustaining objections to hypothetical questions. 22 C. J. 710; Fulgham v. Carter, 142 Ala. 230, 37 South. 932.

MILLER, J. Mae Bruce, a minor, 17 years of age, by her next friend, C. F. Bruce, her father, sues the Alabama Power Company, a corporation, for injuries received by her on December 11, 1920, while a passenger on a street car of defendant, caused by a "head-on" collision between it and a freight car of the defendant. There was judgment for the plaintiff on the verdict of a jury in her favor, from which the defendant appeals. The jury based its verdict on count 1 and the general issue to it filed by the defendant.

Count 1 averred the body of plaintiff was bruised, mashed, and crushed, internally injured, various organs in the body were injured, and she was caused to undergo a surgical operation as a result of being thus bruised and mashed, caused by the collision of defendant's cars.

[1] The court, over defendant's objection and exception, permitted plaintiff to prove that "there were 20 to 25 people on the car on the morning of the collision, and they were thrown from their seats, some of them—the ones I saw—and some were caught and pinned down." This was the car in which plaintiff was a passenger at the time she was injured. It was therefore a part of the res gestæ. There was evidence that the collision threw plaintiff from her seat across the aisle, caught her under the car seat, and when the car stopped it jerked her to the door, and she hit the platform at the door, bruising her back and right shoulder, which bruised spots remained on her body for more than four months. The car was considerably damaged, the front of it being knocked off. It was relevant to incidentally show there were other passengers on the car at the time of the accident, and that they were also thrown from their seats and caught or pinned down, as this tended to show the force of the impact, the violence of the collision, and was a part of the res gestæ. The court did not err in permitting it incidentally to go to the jury. L. & N. R. R. Co. v. Mothershed, 121 Ala. 650, headnote 9, 26 South. 10; 6 Michie's Dig. 85, §§ 85, 86.

In September, 1921, plaintiff was operated on for appendicitis, and it was discovered that she was also suffering from an ovarian trouble, and an ovary was removed. The appellee contends the ovarian trouble resulted from the collision; the complaint charging the surgical operation was necessary on account of personal injuries caused by the collision. The physical condition, health, etc., of the plaintiff before and after the collision, up to and including the time of the operation, were placed before the jury. It was appellant's contention that neither the appendicitis nor the ovarian trouble was caused by the collision, but resulted from other causes several months thereafter.

The physician who had made a personal examination of plaintiff about the time of

---

the operation qualified as an expert, and was examined as a witness by defendant. The defendant asked him four hypothetical questions, the second of which included the facts in the first, while the third included the facts in the first and second, and the fourth included all facts in the three previous questions, as well as additional facts as to her health and nervous condition prior to the collision. The court sustained objections to questions 1, 2, and 3, and overruled objections to question 4. Question 4 gave the witness facts concerning her physical condition as to health and nervousness before the collision, as shown by the evidence, and the other three questions did not. Each question sought the witness' opinion and judgment as to whether the injuries received by plaintiff in the collision caused the appendicitis and ovarian trouble. To the fourth question the witness answered:

"I don't think it would. Appendicitis might develop in 30 minutes. * * * This was an acute attack, and that acute attack comes on suddenly."

[2] Questions 1, 2, and 3 failed to narrate any of the facts in evidence as to the health, appearance, and nervous condition of plaintiff prior to the collision. This was necessary for witness to fully understand the physical condition of the plaintiff after and prior to the injuries, and therefore material. The evidence showed her health, color, and disclosed she had a good appetite and was not nervous before the injury. For this reason the court did not err in sustaining objections to those questions, and defendant cannot complain at this action of the court as it received, under question 4, which was answered by the witness with permission of the court, the full benefit from questions 1, 2, and 3. There were included in 4, and the answer was favorable to the theory and contention of defendant. 22 C. J. 708, § 796 (b), headnotes 33–35.

[3] The plaintiff, on cross-examination of an expert witness—a doctor—of defendant, propounded a hypothetical question to him, based on the facts introduced in evidence, and sought an opinion of him as to whether the existence of such facts would produce or cause the plaintiff's appendicitis and ovarian condition—to which he replied, "Well, I think it is possible." The court refused to exclude this answer, and in this it did not err. This was on cross-examination of an expert witness of defendant, and the question was relevant and the answer permissible on the cross-examination of an expert witness. Costella v. State, 176 Ala. 1, headnote 3, 58 South. 202.

[4] Mrs. Bruce, mother of plaintiff, testified she heard Dr. Ralls, who operated on plaintiff, tell her husband that plaintiff's condition could have been caused by the wreck. This was hearsay evidence; no predicate had been laid to contradict Dr. Ralls, and the court erred in admitting it in evidence. However, the court afterwards cured the error by excluding this evidence from the consideration of the jury, stating:

"Gentlemen of the jury, you remember that Mrs. Bruce stated Dr. Ralls made a statement to her as to what might be the result or the cause of the appendicitis—that this injury received in the wreck might have been the cause. That statement is withdrawn from you; you forget it as much as is mentally possible, and do not permit it to have any weight with you whatever in your deliberations."

[5] The defendant excepted to the following part of the oral charge of the court to the jury:

"You will find but little, if any, conflict in the evidence in this case."

This error, if any, was eliminated by the court in its oral charge withdrawing it from them. The court in its oral charge stated to the jury:

"Gentlemen of the jury, one statement I am going to withdraw. I stated to you that there had been very little, if any, conflict in this evidence, and that it was refreshing to try a case where there was but little, if any, conflict. I want to withdraw that statement, and in lieu thereof make this statement: If you should find conflicts in the evidence it is your duty to reconcile them if you can make all the witnesses speak the truth, and in doing that you apply your common sense and knowledge of men's affairs and of men's conduct, taking into consideration the interest of the parties whose testimony may be in conflict, the fairness or want of fairness with which they testify, and consider all those matters in determining the conflicts in order to determine what really the truth is."

The father of plaintiff was a janitor at one of the public schools. The plaintiff was clerking in Gadsden at Frank Duncan's store, and lived in Alabama City, going back and forth to work on defendant's street car. At the time of the accident she weighed 133½ pounds, but afterwards her weight continued to decline until in August following she weighed 119. Her body was bruised in the collision, from which she still suffers pain. Her salary was the same before and after the injury; she worked from December 11, 1920 (the day of the collision) until August 22d following, and during that time had no physician, but went to see Miss Hamilton, a trained nurse. After August 22, 1921, she was unable to do the same work she did before the injury, and upon the advice of a physician she went to the hospital, where she was operated on September 15, 1921. After the collision on December 11, 1920, she ran to a Mrs. Graham's house to use the telephone, and from there went to Canterberry station to her brother's store, where she got a taxi and went to Duncan's store, clerked there on that day and until she quit on August 22, 1921, but did not work regularly.

The foregoing is the tendency of some of the evidence in .the case.

The defendant's counsel in his argument to the jury contended that—

"plaintiff's sickness and physical ailments testified to by her, which resulted in the surgical operation some 10 months after the accident, did not result from the accident, but from some other cause. As a basis for this argument defendant's counsel had referred to the evidence of Frank Cathey, which is set out in the bill of exceptions, and argued that plaintiff continued to work on the day of the accident, and continuously thereafter, for some 10 months at Frank Duncan's store, without making complaint to the defendant or claiming damages of it. From that testimony of Frank Cathey and such testimony of other witnesses defendant's attorney had argued that the appendicitis, and ovarian trouble resulting in the surgical operation were not caused by the accident which occurred some 10 months prior thereto, and on that and like testimony defendant's attorney argued that such injuries as plaintiff sustained in the accident were not serious."

[6] Plaintiff's attorney in his closing argument to the jury insisted "that some of the evidence showed that the plaintiff had continued to work at Duncan's store when she really was not physically fit to work," and in this connection stated: "This family was poor, and the girl had to work." The defendant objected to this remark at the time it was made, and moved to exclude it, and, upon the court overruling the objection, defendant excepted. Neither the objection to the remark nor the motion to exclude states any ground therefor. If objectionable only because there are no facts or testimony in the record for it to rest upon, then the motion should make known to the court the ground on which it is based. B. R., L. & P. Co. v. Gonzalez, 183 Ala. 273, headnote 11, 61 South. 80, Ann. Cas. 1916A, 543; Anderson v. State, ante, p. 36, 95 South. 171, headnotes 18, 19.

[7] This remark was not improper in reply to the argument of defendant's attorney, as he had argued to the effect that plaintiff was not injured seriously because she went to work that day, was able to work, and continued to work. Defendant's attorney replied to the effect that she worked when she was unable to work because the family was poor, and she was compelled to work. This remark was supported by some of the evidence. It was a fair and legitimate inference to be drawn from the circumstances in the case. There was evidence that her father was a janitor in a public school, that she was clerking in a store when under 17 years of age, and that after the injury she could not do the work she had done before, as she was bruised and in pain from the injuries, yet she continued to work. There is nothing in the remark or the circumstances under which it was made to indicate the plaintiff's at-

torney intended, directly or indirectly, by this statement to intimate that the jury should render a verdict in plaintiff's favor because the family was poor and she had to work. It does not appear that it was intended to or did prejudice the jury against the defendant. Its natural tendency under the circumstances, when made, was not to influence the verdict of the jury. The court in this ruling did not err. Cross v. State, 68 Ala. 476; B. R., .L. & P. Co. v. Gonzalez, 183 Ala. 273, 61 South. 80, Ann. Cas. 1916A, 543; Anderson v. State, ante, p. 36, 95 South. 171, headnotes 18, 19.

Finding no reversible error in the record, the judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.