(96 South. 761)
## NARO v. STATE.   (6 Div. 734.)

(Supreme Court of Alabama.   June 9, 1923.)

**1. Criminal law ⊝⇒720(5)—Solicitor's reference in argument to defendant's witness as drug addict held reversible error as not supported by evidence.**

In a murder prosecution, the solicitor's reference in argument to a witness for defendant as a drug addict, though there was no evidence, and he denied, on cross-examination, that he was such, *held* reversible error.

**2. Criminal law ⊝⇒1134(3)—Error not likely to recur on retrial not considered.**

Error not likely to recur on retrial need not be considered.

---

⊝⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appeal from Circuit Court, Jefferson County; H. P. Heflin, Judge.

Edna Naro was convicted of murder in the second degree, and appeals. Reversed and remanded.

J. T. Leeper, of Columbiana, for appellant.

It was reversible error for the court to refuse to exclude the argument of the solicitor, with reference to witness Wilhoit being a drug addict. Dollar v. State, 99 Ala. 236, 13 South. 575; Coleman v. State, 87 Ala. 14, 6 South. 290; Childress v. State, 86 Ala. 77, 5 South. 775; Smith v. State, 197 Ala. 193, 72 South. 316.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The brief of counsel discusses points pretermitted by the opinion.

McCLELLAN, J. The appellant (defendant) was convicted of murder in the second degree and sentenced to imprisonment for 25 years. The victim was one Ralph Roberts. The bill of exceptions recites:

"During the course of his argument to the jury the solicitor for the state made the following argument to the jury: 'You know, as a matter of common experience and common knowledge, the infirmities and weaknesses that men of his (Wilhoit) type are subject to, and is it any surprise that this poor drug addict would succumb to the influence of a man of the type of Alf Naro?'

"Counsel for defendant objected to said argument to the jury, and stated: 'I want to move the court to charge the jury right now that statement of the solicitor is not founded on anything in the evidence, and it is improper to say a man is a dope fiend, a man is a drug addict, when, as in this case, they asked the man if he wasn't addicted to the use of drugs and he said, "No." Thereby they laid a predicate to impeach him and didn't even offer by any witness any suggestion that that man was addicted to the use of drugs, and for the solicitor to come here then, having laid the predicate, having in substance and in fact given his solemn word of honor that he proposes to substantiate his predicate and make his proof —in other words, having offered that prejudicial statement by way of a question to the jury that he was a dope addict and then having failed to follow up his moral obligation to prove or attempt to prove he was a dope addict, for him to come along and in his argument to the jury to say he was a drug addict and dope fiend is highly improper, it seems to us, if the court please, and we respectfully insist that it is, and move the court to instruct the jury that is improper on the part of the solicitor; that they should not allow their minds to be influenced by such improper statements or remarks made by the solicitor in this case.'

"The court overruled said objection and denied defendant's motion to exclude said argument from the jury and to instruct the jury as requested, to which ruling of the court defendant then and there duly and legally excepted."

[1] Wilhoit, the man mentioned in the excerpt from the argument, was a witness for the defendant, and had given testimony calculated to support the theory advanced in her behalf on the trial. There was not only no evidence that Wilhoit was a "drug addict," but, to the contrary, he denied he was a "dope fiend" on his cross-examination by representatives of the state. The mere recitation of the affirmation, in the absence of all evidence to support it, made by the solicitor, that Wilhoit, a witness for defendant, was a "drug addict," suffices to disclose error of such unpalliated vice as to require the reversal of the judgment of conviction. The court erred in overruling the seasonable objection to it.

[2] The other matters urged for error are not likely to recur. The law applicable to such cases as this, so often stated by this court, needs no repetition on this occasion.

For the error indicated, the judgment is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.