## PACIFIC MUT. LIFE INS. CO. OF CALIFORNIA v. MARKS.

### 6 Div. 629.

Supreme Court of Alabama.

May 23, 1935.

London, Yancey, Smith & Windham and J. K. Jackson, all of Birmingham, for appellant.

Bradley, Baldwin, All & White, of Birmingham, for appellee.

ANDERSON, Chief Justice.

We may concede that counsel in argument should not be so restricted as to prevent indulgence, by way of illustration, in historical facts and facts concerning public characters, and may allude to principles of divine law relating to transactions of men as may be appropriate to the case. We may also concede that the present occupant of the "White House" has, as a matter of common knowledge, a bodily infirmity, but we fail to see that such a physical condition on his part has an appropriate bearing, by way of analogy or otherwise, upon the case at bar, as the occupation and duties of this plaintiff are quite dissimilar to those of the President. At any rate, we do not think the trial court committed reversible error in excluding this reference of defendant's counsel to the physical condition of the occupant of the "White House." Nor was there prejudicial error in the remarks of the trial court when excluding this allusion, as it was but a legitimate admonition to the jury.

So much of the argument of defendant's counsel embodied in the third assignment of error was highly improper, and was properly excluded. There is nothing in the record to indicate that Mr. Arant, counsel for the plaintiff, expressed or entertained such views imputed to him concerning the witness, Mrs.

Crews. This argument is in line with that heretofore condemned in the case of Birmingham Railway, Light & Power Co. v. Drennen, 175 Ala. 338, 349, 57 So. 876, Ann. Cas. 1914C, 1037.

■ Whether or not the question to Dr. McLester, embodied in the sixteenth assignment of error, was so defective in form as to justify the trial court in sustaining the plaintiff's objection to same matters not, as it affirmatively appears that the defendant got the full benefit of the facts thereby sought in the subsequent, unobjected to testimony of the witness, Dr. McLester.

■ We cannot agree with counsel for the appellant that it had the right to this evidence to rebut evidence of a similar character brought out by the plaintiff. We do not think that the questions set out in appellant's brief, pages 36 and 37, as asked by the plaintiff and answered, are identical or similar to the questions asked by the defendant, with perhaps the exception of one to Dr. Stubbins, page 32 of the record. It must be noted, however, that the answer of the witness was not objectionable. He did not attempt to state the result that the plaintiff's physical condition would have upon his ability to labor. He merely stated the nature and character of his condition during the period hypothesized, that is, "Mr. Marks was in bed a part of the time. In September he had an acute exacerbation, an acute attack, that kept him in bed for about a month or maybe a little longer. * * * During that time he had two or three joints involved. He was greatly swollen and painful, and ran a temperature most of the time."

■ The trial court permitted the introduction in evidence of certain photographs taken by the plaintiff, and of him taken by another when in Arizona. The defendant then made an effort to have them reproduced or displayed upon a screen in the courthouse. There is no question but what moving pictures have reached a marvelous degree of production and reproduction, not only accurately, but often in a most exaggerated form; the accuracy depending largely upon conditions, etc.,

■

of the camera when the first impression is taken. It also appears that motion pictures have been received in evidence in many courts when a proper predicate has been established, Wigmore on Evidence (Supp. to 2d Ed.) § 798 a, wherein the question is discussed and the essentials of a sufficient predicate are outlined. It is sufficient to say, however, that the examination of defendant's witness, Bromberg, was such as to fail to establish the fact that the reproduction by him of the photographs on the screen could be done with such accuracy as to put the trial court in error for rejecting this offered evidence. The pictures were not authenticated, and Bromberg's testimony shows that whether a motion picture accurately reflected the movements of the object taken depends on the speed at which the camera is operated during the exposure; that the matter of speed of motion will depend upon the speed at which the camera was set in Arizona; and that he did not know and had no way of definitely ascertaining the speed, and there was no evidence as to the speed at which the camera was set at the time the pictures were taken. Nor did the testimony of the plaintiff, Marks, help matters. While he owned the camera, and took some of the pictures, the ones in which he appeared, and the only ones of any relevancy, were taken by another and he did not know just how the speed was set when the pictures of him were taken.

■ The last insistence of error relates to assignments 7, 8, 9, 10, 11, 12, 13, 14, and 15, which are grouped in argument, and relate to charges refused the defendant, and which are postulated upon the literal language of the policy and not the meaning and construction given same by this court, and were refused without error. New York Life Ins. Co. v. Torrance, 228 Ala. 286, 153 So. 463, 464; Protective Life Ins. Co. v. Wallace (Ala. Sup.) 161 So. 256, and cases there cited.

The judgment of the circuit court is affirmed.

Affirmed.

THOMAS, BROWN, and KNIGHT, JJ., concur.