109 So.2d 676

**STATE of Alabama**

v.

**James Q. HOWINGTON.**

3 Div. 852.

Supreme Court of Alabama.

Feb. 19, 1959.

---

Robt. H. Jones, Sp. Asst. Atty. Gen., and J. B. Nix, Jr., Evergreen, for appellant.

Horne, Webb & Tucker, Atmore, and Edwin C. Page, Jr., Evergreen, for appellee.

GOODWYN, Justice.

This is a condemnation proceeding brought by the state pursuant to Code 1940, Tit. 19, Chap. 1, to acquire for public highway purposes (§ 14, Tit. 19) a right-of-way 300 feet wide across a 40-acre tract of land belonging to James Q. Howington, appellee, located in Conecuh County. The right-of-way is for use in the construction of a non-access highway as a part of the new interstate highway system. The proceeding originated in the probate court of Conecuh County. From an order of condemnation there made the state appealed to the circuit court of Conecuh County where a trial de novo (§ 17, Tit. 19) was had before a jury. The parties stipulated as to the regularity of the proceedings in the probate court and further stipulated that the sole issue to be submitted to the jury was the amount of damages and compensation, if any, to which the landowner was

entitled as a result of the condemnation of his lands as a right-of-way for the non-access public highway. The jury returned a verdict fixing the amount of damages and compensation at $1,000. Judgment and an order of condemnation followed. The state filed a motion for a new trial, which was overruled. This appeal was then brought by the state pursuant to Code 1940, Tit. 19, § 23.

There are 17 assignments of error. All of them charge error in the trial court's rulings on the admission of evidence. None of the assignments specifically questions the excessiveness of the jury's award.

■■■ Assignments 1, 2, 4, 5 and 6 charge error in overruling the state's objections to questions to three of its witnesses (appraisers) on cross-examination, asking how much said witnesses were being paid per day for appearing in court as witnesses for the state. The state recognizes the rule that "it is always competent on cross-examination to make such interrogation of a witness as would tend to test his interest, bias or prejudice or to illustrate or impeach the accuracy of his testimony." Housing Authority of City of Decatur v. Decatur Land Co., 258 Ala. 607, 612, 64 So. 2d 594, 598. It is contended, however, that the questions, being asked a number of times, constituted "a direct appeal to the emotions and prejudices of the jury" and were "highly detrimental to the plaintiff's cause in this case and that said questions should have been confined to whether or not they were employed by the plaintiff in this case and not permitted to go into the details of how much they were being paid." We are unable to agree. As stated in the Decatur Land Co. case, supra, 258 Ala. at page 612, 64 So.2d at page 598:

"* * * Both our appellate courts have approved the principle stated in 2 Wigmore on Evidence, 2d Ed., § 949, p. 232: 'The range of external circumstances from which probable bias may be inferred is infinite. Too much refinement in analyzing their probable effect is out of place.' Louisville & N.

R. Co. v. Martin, 240 Ala. 124, 198 So. 141, 144; Sowell v. State, 30 Ala.App. 18, 199 So. 900. * * *"

■■■ Also, it is a well-established rule that the latitude and extent of cross-examination is a matter which of necessity rests largely within the sound discretion of the trial court, and rulings with respect thereto will not be revised on appeal except in extreme cases of abuse. Housing Authority of City of Decatur v. Decatur Land Co., supra. It has been held that the cross-examination of a witness may even pertain to irrelevant and immaterial matters as bearing on the memory, accuracy, credibility, interest or sincerity of the witness. Nelson v. Johnson, 264 Ala. 422, 427, 88 So. 2d 358; Housing Authority of City of Decatur v. Decatur Land Co., supra.

We do not think there was an abuse of discretion by the trial court in allowing the cross-examination of the state's witnesses.

■■■ As to all of the other assignments of error, the record discloses that in each instance there was either an "objection" to the evidence, without any ground being assigned, or an objection on the general grounds that the proffered evidence was "illegal, irrelevant and immaterial." The rule is that if only a general objection is interposed, or only general grounds are assigned in support of an objection, no error results in overruling such objection unless the evidence is patently illegal and cannot be made legal for any purpose. Circuit Court Rule 33, Code 1940, Title 7 Appendix; Housing Authority of the City of Decatur v. Decatur Land Co., supra; W. T. Rawleigh Co. v. Haynie, 231 Ala. 246, 247, 164 So. 101; Bennett v. Bennett, 224 Ala. 335, 339, 140 So. 378; Sanders v. Knox, 57 Ala. 80, 83–84. In the last cited case, in an opinion by Brickell, C. J., it is stated as follows:

"The objection to the introduction of the mortgage was general and undefined, 'because the same was illegal, irrelevant and incompetent.' * * * A general objection of this character

# 576

cannot be sustained, unless the evidence is manifestly illegal and irrelevant, and apparently incapable of being rendered admissible in connection with other evidence. Such objections may mislead the party against whom they are taken, and the court, and lead to the practice of making objections in this court, which if made in the primary court would have been obviated. We concur with what was said by Collier, C. J., in Wallis v. Rhea & Ross, 10 Ala. 451, 453; 'Undefined objections should never be made to the admission of evidence; and it may be laid down generally, that if the party making them will not particularize, the court is not bound to cast about for the grounds upon which in the mind of counsel they are rested, but may properly disregard them.' "

We find no reversible error in the rulings complained of.

The judgment is due to be affirmed.

Affirmed.

SIMPSON, STAKELY, MERRILL and COLEMAN, JJ., concur.