147 So.2d 831

**John W. COOK**

v.

**Marina LATIMER, as Administratrix.**

4 Div. 110.

Supreme Court of Alabama.

Oct. 18, 1962.

Rehearing Denied Dec. 20, 1962.

284

Prestwood & Prestwood, Andalusia, for appellant.

Frank J. Tipler, Jr., Tipler & Fuller, Andalusia, Harry R. Teel and Robt. H. Walston, White, Bradley, Arant, All & Rose, Birmingham, for appellee.

SIMPSON, Justice.

Appeal by the plaintiff from a judgment on a jury's verdict in favor of the defendant. The case went to the jury on the wanton count of the plaintiff and the plea of the general issue by the defendant and a counter-claim by the defendant alleging wantonness on the part of the plaintiff.

The plaintiff John W. Cook and Walter Latimer, the defendant's intestate, were returning to Andalusia, Alabama on U. S. Highway 331 from Troy, Alabama, after having dated two young ladies. The evidence tended to show that Walter Latimer was driving the automobile of Cook's father, with Cook asleep on the back seat. Just inside the corporate limits of Brantley, Alabama the automobile left the road, traveled in a straight line some 127 feet, finally coming to rest after colliding with a large pecan tree. It is unnecessary to enlarge on the facts since we are at the conclusion that Assignments of Error No. 1. and No. 2. are well taken, necessitating a reversal of the judgment.

■■ Assignment of Error No. 1. concerns a statement made by defendant's counsel in his opening statement to the jury, to this effect:

> "Mrs. Latimer, however, did not file this suit, because, obviously, and the evidence will show you, she didn't want to go through this thing; she has been through it twice, her husband and her son."

Appellant objected to the statement without specifying grounds and the trial court overruled the objection. We regard the quoted statement as highly prejudicial. The statement itself had the effect of appealing to the sympathy of the jury by stating that the administratrix had lost her husband in an automobile accident some time previously, which is a fact entirely irrelevant to the

issue in the case. The natural tendency of the statement was to influence the finding of the jury. The test was not whether the argument did improperly influence the verdict, but that it might have done so.— Williams v. City of Anniston, 257 Ala. 191, 58 So.2d 115. An early statement of the applicable rule is found in Cross v. State, 68 Ala. 476:

" * * * 'it is error sufficient to reverse a judgment, for counsel, against objection, to state facts pertinent to the issue and not in evidence, or to assume, arguendo, such facts to be in the case, when they are not'; and if the statement be of facts which would not be legal evidence, if offered as such, *yet, if their natural tendency is to influence the finding of the jury, the same rule would apply.*" (Emphasis ours.)

█ A statement by counsel to the jury that a certain fact exists, when there is no evidence of that fact, or that evidence would be inadmissible to prove the fact, or the fact itself would be irrelevant should not be allowed over proper objection—Cross v. State, supra; Moore v. Holroyd, 219 Ala. 392, 122 So. 349; Naro v. State, 209 Ala. 614, 96 So. 761; Pacific Mutual Life Insurance Co. of California v. Marks, 230 Ala. 417, 161 So. 543; such a statement would be hearsay and thus illegal evidence. (See McElroy, Ala.Evid., Vol. 2, § 277.01 and cases cited therein.) Here, not only was the statement by appellee's counsel hearsay; it was highly prejudicial.

█ In our jurisdiction where a case involves issues of fact, parties of course may outline what they expect to prove unless it is manifest that such proof is incompetent.—Mazer v. Brown, 259 Ala. 449, 66 So.2d 561; and the statement must be made in good faith as to what the evidence is expected to show.—Prudential Ins. Co. v. Calvin, 227 Ala. 146, 148 So. 837; Atlanta Life Ins. Co. v. Canady, 225 Ala. 377, 143 So. 561.

█ To be sure, the general manner and character of the opening statement are within the discretion of the trial court, but counsel may not in his opening statement introduce immaterial and prejudicial matter before the jury.—Brown v. Leek, 221 Ala. 319, 128 So. 608. This is especially true where it is manifest that such proof would be incompetent and is made to influence the jury.—Atlanta Life Ins. Co. v. Ash, 228 Ala. 184, 153 So. 261, and cases cited.

█ Appellee earnestly argues that because no grounds for the objection were specified to the stated argument, the ruling of the court does not invite a review. This is the general rule, but is subject to a well-established exception. The exception is thus stated in Anderson v. State, 209 Ala. 36, 95 So. 171, and set out more recently in Colquett v. Williams, 264 Ala. 214, 86 So.2d 381:

" 'An exception to the general rule requiring appropriate objection or motion invoking corrective instruction or action by the trial court is where the remark or argument of counsel is so grossly improper and highly prejudicial to the opposing party as that neither retraction nor rebuke by the trial court would have destroyed its sinister influence * * *.' "

█ The situation presented in the case at bar falls within this exception. The statement was patently illegal as a hearsay statement of counsel, serving no purpose other than to incite feelings of sympathy toward the defendant, serving no valid purpose as evidence, and shedding no light on any issue in the case.

For other pertinent authorities see Harris v. Martin, 271 Ala. 52, 122 So.2d 116; Durham v. York, 269 Ala. 304, 112 So.2d 472; State v. Howington, 268 Ala. 574, 109 So.2d 676.

Appellee quotes at length in his brief from Alabama Power Co. v. Bruce, 209

Ala. 423, 96 So. 346; which he argues is pertinent to the case at bar. In this we cannot agree. In that case the court said:

"If objectionable *only* because there are no facts or testimony in the record for it to rest upon, then the motion should make known to the court the ground upon which it is based."

However, it appears that the statement of counsel here was not "objectionable only because there are no facts or testimony in the record", but it was objectionable because it was a rank hearsay statement of counsel entirely irrelevant and grossly prejudicial to the appellant's case.

Appellee also argues further the rule requiring specific grounds of objection is more appropriate to a situation occurring during the opening statement of counsel because the trial court has heard no testimony. This might be tenable in some situations, but here where no testimony could be admissible that could render the statement proper, such an argument impresses us as untenable. There being no legitimate basis for the statement, we are impressed that the learned trial court erred to a reversal in overruling the objection thereto.

Assignment of Error No. 2 is rested upon the refusal of the trial court to allow the plaintiff (appellant) to "reply in kind" to the statement of defendant's counsel. The record indicated that plaintiff's reply would have been to the effect that defendant, Mrs. Latimer, had a cause of action arising out of the death of her husband from the automobile accident which defendant's counsel referred to in the opening argument and had recovered a substantial sum in the law suit. Appellee argues that the "reply in kind" is discretionary with the trial court and that no one has the right to demand an improper argument or statement in a court of law, citing Bennett v. State, 86 Ga. 401, 12 S.E. 806, 808, 12 L.R.A. 449; 31 C.J.S. Evidence § 190 pp. 913, 914.

■■ The doctrine of "curative admissibility" is well recognized (see McElroy,

Ala.Evid., Vol. 1, § 14.01 and cases noted therein). The line marking the limits of admissibility is somewhat adumbrant. Where no prejudice has occurred, the rule of course should not apply. The illegal rebuttal evidence may be admitted only to the extent that it cures the effect of the admission of the first illegal evidence. Where the first illegal evidence is highly prejudicial, the opponent should be allowed to reply as a matter of right to erase from the minds of the jurors the first illegal evidence.

■ A pertinent statement of the applicable rule thus appears in Huntsville Knitting Mills v. Butner, 194 Ala. 317, 69 So. 960:

"The plaintiff having voluntarily introduced such proof, it was competent and proper for defendant to rebut this evidence if it could, or to prove that it was not dangerous or difficult to operate the wringer; and it offered evidence of this character and for this purpose; but the court declined to allow it to make such proof. In this ruling there was manifest error."

See also Hanners v. State, 147 Ala. 27, 41 So. 973; Morgan v. State, 88 Ala. 223, 6 So. 761; Bank of Phoenix City v. Taylor, 196 Ala. 665, 72 So. 264. The statement in Bank of Phoenix City case was clarified in Gibson v. Gaines, 198 Ala. 583, 73 So. 929. The following from the Gibson v. Gaines case is applicable here:

"The defendant, having introduced the hearsay evidence of the defendant and thereby invoked a ruling of the trial court in favor of the admissibility of such evidence, cannot now put the trial court in error for permitting similar evidence offered by the other side. The defendant had the court to rule that such hearsay evidence was admissible, and he cannot reverse the trial court for making a ruling on the other side, consistent with the one invoked by him. The point was not developed

**288**

in the case of Bank of Phoenix City v. Taylor * * * [supra]".

See also Williams v. City of Anniston, supra, where the court held that the admission of argument of counsel for the defendant city that the judgments would be paid out of taxes was not justified by the fact that plaintiff had tried to show that her husband was blind. This illustrates the limit of the admission of illegal rebuttal evidence and that a statement substantially unconnected with the illegal evidence should not be allowed in the rebuttal. Here, however, the rebuttal statement sought to be offered by counsel was to some extent related to the opening statement of counsel and in our judgment was error to reverse in refusing to permit plaintiff's counsel to introduce such rebuttal evidence.

There are other errors argued but they probably will not occur on another trial so they will not be discussed.

For the errors noted we are constrained to hold that the judgment must be reversed.

Reversed and remanded.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.

On Rehearing.

 Appellee calls attention to the fact that the errors, if any, occurring on trial were harmless since appellant was not entitled to recover in any event, having failed to establish a scintilla of evidence to support the wanton count. We took note of this argument but in consultation concluded that appellee was not entitled to the affirmative charge, but that a jury question was presented under the authority of Shirley v. Shirley, 261 Ala. 100, 73 So.2d 77. We are still of the same opinion.

The other point argued on rehearing was adequately treated in the original opinion. We are at the conclusion that the application should be overruled.

Opinion extended and application for rehearing overruled.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.