THOMPSON, Presiding Judge.
T.Y. (“the mother”) appeals a judgment terminating her parental rights to her child, D.J.Y.H. III (“the child”).
The record indicates that, immediately following the child’s birth in February 2011, the Jefferson County Department of Human Resources (“DHR”) filed a petition alleging that the child was dependent due to the mother’s mental illness. The juvenile court entered a pickup order, and it later entered additional review orders continuing custody with DHR pending a hearing on the merits of DHR’s dependency petition.
On December 1, 2011, DHR filed a petition seeking to terminate the mother’s parental rights to the child; that petition also sought to terminate the parental rights of the unknown father of the child. The juvenile court conducted an ore tenus hearing on the petition to terminate parental rights. On May 4, 2012, the juvenile court entered a judgment terminating the parental rights of the mother and of the child’s putative father. The mother filed a post-judgment motion that was denied by operation of law pursuant to Rule 59.1, Ala. R. Civ. P. The mother timely appealed.
The mother argues on appeal that the juvenile court erred in reaching some of *282 the factual findings upon which it based'its termination judgment. The juvenile court found, among other things, that the mother had seven other children and that all of those children were in the custody of relatives. As the mother points out, she has six other children; the child at issue is the mother’s seventh child. Also, the record indicates that the mother’s other six children are in the custody of others; however, the record does not indicate the relationship of all of the custodians to the mother or her children. Accordingly, the mother is technically correct that the evidence does not support a finding that the children are in the custody of relatives.
We are inclined, however, to conclude that the errors in those factual findings are harmless. Although the specific details of those factual findings are inaccurate, their substance is supported by the record. The evidence indicates that the mother has numerous children, that she has been unable to maintain custody of any of them, and that they are all in the custody of other people or, in the case of the child at issue in this appeal, in the custody of DHR.
In its termination judgment, the juvenile court specifically found that “[t]he child herein has been in the custody of [DHR] for three years and has been placed in numerous foster homes.” As the mother points out, however, the child at issue was only 15 months old at the time of the May 4, 2012, termination judgment. Further, the record contains no mention of the child’s history in foster homes and whether the child has had more than one foster home. Thus, that factual finding is not supported by any evidence in the record on appeal and does not appear to relate to the child at issue in this action. Accordingly, we conclude that that factual finding is clearly erroneous.
The mother also argues on appeal that the juvenile court erred in relying, in its judgment terminating her parental rights, on evidence pertaining to her mental-health condition. In its termination judgment, the juvenile court found that the mother “has been diagnosed with Intermittent Explosive Disorder, Mood Disorder, Psychosis NOS, and Mild Mental Retardation.” The mother argues that the evidence upon which the juvenile court relied in making that factual finding was presented in the form of inadmissible hearsay.
The record indicates that DHR questioned Sabrina Boswell, a DHR social worker, concerning the mother’s mental-health diagnoses. The juvenile court initially sustained the mother’s objection that that evidence constituted inadmissible hearsay, concluding that it would not consider that evidence in determining whether the child was dependent. However, after finding that the evidence supported a determination that the child was dependent, the juvenile court allowed Boswell to testify regarding the diagnoses reached by two mental-health professionals from whom the mother had sought treatment. In allowing Boswell to testify regarding that issue, the juvenile court determined that the evidence was admissible as part of what it characterized as the “dispositional” portion of the termination hearing. We also note that the juvenile court specifically questioned Boswell about the sources of the diagnoses.
The juvenile court is correct that otherwise inadmissible evidence, such as hearsay, may be considered in determining the disposition of a dependent child. § 12-15—311(b), Ala.Code 1975. However, as the mother argued before the juvenile court, an action seeking to terminate parental rights is adjudicatory, not disposi-tional, in nature. Y.M. v. Jefferson Cnty. Dep’t of Human Res., 890 So.2d 103, 112 *283 (Ala.Civ.App.2003) (plurality opinion) (“We hold that when a juvenile court hears evidence on a petition to terminate parental rights, it is conducting an adjudication, not making a disposition, and hearsay is ‘not competent in a hearing on the [termination-of-parental-rights] petition.’ ”). In Ex parte State Department of Human Resources, 890 So.2d 114, 117 (Ala.2004), our supreme court agreed that a termination-of-parental-rights action is adjudicatory rather than dispositional and that, in such a hearing, a court may not rely upon hearsay evidence.[1]
The Alabama Juvenile Justice Act (“AJJA”), § 12-15-101 et seq., Ala.Code 1975, provides that a juvenile court determines whether a child is dependent at an adjudicatory hearing, see § 12-15-310(a), and that the court must determine that the child is dependent from “clear and convincing evidence, competent, material, and relevant in nature.” § 12-15-Sll(a). Similarly, with regard to a hearing on the termination of a parent’s parental rights, § 12-15-319(a) provides that a juvenile court may terminate parental rights if it “finds from clear and convincing evidence, competent, material, and relevant in nature,” that grounds exist for termination.
Our supreme court has explained that in an adjudicatory termination-of-parental-rights proceeding, hearsay is inadmissible if it does not fall within one of the recognized exceptions to the hearsay rule:
“Because of the finality of a trial court’s determination to terminate a parent’s rights, the proceeding in the trial court is clearly an adjudicatory proceeding. Therefore, we agree with the Court of Civil Appeals that a proceeding to terminate a parent’s rights pursuant to § 26-18-7, Ala.Code 1975 [now § 12-15-319, Ala.Code 1975], is an adjudication.
‘We further recognize, as did the Court of Civil Appeals, that only competent, material, and relevant evidence may be admitted during an adjudicatory proceeding to terminate a parent’s rights. See § 12-15-65(f) and § 26-18-7(a), Ala.Code 1975 [now § 12-15-310, § 12-15-311, and § 12-15-319]. Additionally, we acknowledge, as did the Court of Civil Appeals, that hearsay evidence is not considered competent evidence in an adjudicatory proceeding, unless it falls within one of the exceptions provided by the Alabama Rules of Evidence, other rules adopted by this Court, or by statute. Rule 802, Ala. R. Evid. Hearsay evidence is admissible at an adjudicatory hearing if it falls within one of the exceptions provided in Rules 803 and 804, Ala. R. Evid. For example, Rule 803(6), Ala. R. Evid., provides that records of regularly conducted activity are not excluded by the hearsay rule. See L.A.C. v. State Dep’t of Human Res., 890 So.2d 1026 (Ala.Civ.App.2003) (analyzing a report prepared by employee of a hospital intervention program to determine if it was admissible as a business record pursuant to Rule 803(6), Ala. R. Evid.). Thus, hearsay evidence is admissible at a termination-of-parental-rights proceeding only if it falls within one of the exceptions recognized in Rule 802, 803, or 804, Ala. R. Evid.”
Ex parte State Dep’t of Human Res., 890 So.2d at 117-18 (footnote omitted).
Boswell’s testimony setting forth diagnoses made by other people constituted inadmissible hearsay because it was of *284 fered to establish the truth of the matters asserted. See Rule 801(c), Ala. R. Evid. (“ ‘Hearsay’ is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.”). DHR does not argue on appeal that that evidence was admissible under any exception to the hearsay rule. See L.A.C. v. State Dep’t of Human Res., 890 So.2d 1026, 1032 (Ala.Civ.App.2003) (“The ... statement was an extrajudicial assertion offered to prove the truth of the matter asserted; it was, therefore, hearsay by definition.”).
DHR argues, however, that the doctrine of curative admissibility allowed it to introduce the hearsay evidence regarding the mother’s mental-health condition. See Blue Cross & Blue Shield of Alabama v. Hodurski, 899 So.2d 949, 960 (Ala.2004) (An appellate court “can affirm a judgment on a basis not asserted in the trial court.”). “Curative admissibility is a doctrine which holds that if a party introduces illegal evidence, the opponent has the right to rebut such evidence with other illegal evidence.” 1 Charles W. Gamble and Robert J. Goodwin, McElroy’s Alabama Evidence § 14.01(1) (6th ed.2009). The doctrine of curative admissibility is also referred to as the “reply in kind” doctrine. Bruno’s Supermarkets, Inc. v. Massey, 914 So.2d 862 (Ala.Civ.App.2005). However, if no prejudice occurs by the admission of the original inadmissible evidence, the doctrine of curative admissibility should not apply. Cook v. Latimer, 274 Ala. 283, 287, 147 So.2d 831, 834 (1962).
DHR argues that, in her direct testimony, the mother introduced hearsay evidence when she testified concerning what DHR alleges are her mental-health diagnoses.[2] In its brief on appeal, DHR quotes a portion of the mother’s testimony in which she testified regarding her effort to obtain the psychiatric evaluation and treatment required to meet DHR’s goals for reunification of the mother with the child. In her testimony on that issue, the mother explained that the first facilities from which she sought treatment were “booked,” that is, they had no availability. The mother also testified that another facility, referred to as “UAB Psychiatric Community Care Program” (hereinafter “UAB”), refused to treat her. In that portion of the mother’s testimony on this issue to which DHR refers in its brief submitted to this court, the mother stated that UAB explained its refusal to treat her by informing her that “it was only for severe mental illness.” The mother stated that, although she went to UAB several times, she was informed each time that she did not meet that mental-health program’s criteria for treatment.
Even assuming that that evidence was sufficiently prejudicial to DHR’s case to warrant the application of the doctrine of curative admissibility, we cannot agree with DHR’s characterization of that testimony as pertaining to a diagnosis of the mother’s mental-health condition. In her testimony, the mother did not deny that she had a mental-health condition or that her condition had been diagnosed. To the extent that the mother might have implied that UAB did not conclude that she had a “severe mental illness,” we note that DHR did not, in its submission of the hearsay evidence to which the mother objected, rebut any such implication by presenting evidence concerning the severity of the mother’s mental-health diagnoses. On di *285 rect questioning from the juvenile court, Boswell testified that one of the mother’s mental-health conditions, Intermittent Explosive Disorder, was diagnosed by someone affiliated with the UAB mental-health program and that the other two conditions were diagnosed by a doctor affiliated with another facility. DHR did not present any evidence indicating that UAB considered its diagnosis of the mother to be a “severe mental illness” or that the mother did, in fact, meet UAB’s criteria for treatment. Accordingly, we conclude that the hearsay evidence DHR presented concerning the mother’s mental-health diagnoses did not rebut the mother’s testimony concerning the reason UAB refused to treat her.
DHR also argues that any error in admitting Boswell’s testimony concerning the mother’s mental-health diagnoses was harmless error. See Rule 45, Ala. R.App. P. (“No judgment may be reversed ... unless in the opinion of the court to which the appeal is taken ... it should appear that the error complained of has probably injuriously affected substantial rights of the parties.”). Specifically, DHR contends that the hearsay evidence it presented concerning certain professionals’ diagnoses of the mother’s mental-health condition was cumulative of other testimony. See L.A.C. v. State Dep’t of Human Res., 890 So.2d at 1034-35 (holding that the admission of inadmissible evidence was not reversible error when the mother had failed to timely object to the admission of other evidence containing the same information); A.W.G. v. Jefferson Cnty. Dep’t of Human Res., 861 So.2d 400, 407 (Ala.Civ.App.2003) (“[I]t has long been the rule that any consideration of inadmissible written evidence constitutes harmless error whenever properly admitted testimony substantially duplicates the evidence contained in the inadmissible writings.”). DHR points out that the mother admitted that she has an extensive mental-health history, that she has been prescribed medications for her mental-health condition in the past, and that she has not maintained custody of her other six children, apparently because of her mental-health condition. However, we cannot agree that general evidence pertaining to the mother’s history of mental-health treatment is cumulative of the hearsay testimony concerning specific diagnoses of the mother’s condition made by mental-health professionals. Accordingly, we cannot agree with DHR’s argument that any error in the admission of the hearsay evidence pertaining to the mother’s mental-health diagnoses or in the juvenile court’s reliance on that evidence was harmless error.
In its brief submitted to this court, DHR argues in favor of affirming the juvenile court’s termination judgment on the basis that, it says, the remainder of the evidence was sufficient to demonstrate grounds warranting the termination of the mother’s parental rights. However, as already discussed, the juvenile court relied upon inadmissible hearsay evidence presented by DHR in support of its claim regarding the mother’s mental illness. The juvenile court also made the erroneous factual finding that the child had been in foster care for more than twice as long as he had been; in fact, that finding indicated that the child had been in foster care for approximately two times the length of the child’s life.
We conclude that the juvenile court’s reliance on the inadmissible hearsay evidence, together with its reliance on a clearly erroneous factual determination, was prejudicial to the mother and warrants a reversal. Although the mother challenges other factual findings made by the juvenile court, we note that there was at least some conflicting evidence presented with regard to those issues. The juve *286 nile court, as the trier of fact, is in the best position to resolve conflicts in the remaining admissible evidence in the record on appeal. See D.C.S. v. L.B., 84 So.3d 954, 962 (Ala.Civ.App.2011) (“The trier of fact, and not this court, has the duty of resolving conflict in the evidence”). Given the posture of this case and the holding that the juvenile court erroneously relied on hearsay evidence in reaching its termination judgment, we conclude that it is not appropriate for this court to make the factual determination regarding whether the remainder of the evidence presented to the juvenile court supports the termination of the mother’s parental rights. We reverse the termination judgment and remand the cause for the juvenile court to determine whether the admissible evidence in the record demonstrates that DHR met its burden in support of its petition seeking to terminate the mother’s parental rights. We pretermit discussion of the remaining issues raised in the mother’s brief on appeal.
REVERSED AND REMANDED.
PITTMAN, THOMAS, MOORE, and DONALDSON, JJ., concur.

. Y.M. v. Jefferson County Department of Human Resources, supra, and Ex parte State Department of Human Resources, supra, relied on earlier versions of juvenile statutes. The current Alabama Juvenile Justice Act has not altered the pertinent language or requirements of the law under which those two cases were decided.

. DHR concedes that it did not object to the introduction of that purported hearsay, and it points out that under the doctrine of curative admissibility, it was not required to do so. See Kroger Co. v. Puckett, 351 So.2d 582, 588 (Ala.Civ.App.1977).