Rel: June 14, 2024

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## OCTOBER TERM, 2023-2024

———————————————

## CL-2023-0882, CL-2023-0883, CL-2023-0884, and CL-2023-0885

———————————————

## T.S.

## v.

## Cullman County Department of Human Resources and D.W.

### Appeals from Cullman Juvenile Court
### (JU-22-28.02, JU-22-28.03, JU-23-327.01, and JU-23-327.02)

EDWARDS, Judge.

On August 11, 2023, the Cullman Juvenile Court ("the juvenile court") entered judgments determining that P.R. and J.T.S. ("the children"), the children of T.S. ("the mother"), were dependent and awarding their legal custody to the Cullman County Department of

CL-2023-0882, CL-2023-0883, CL-2023-0884, and CL-2023-0885

Human Resources ("DHR").[1]  On August 17, 2023, the children's maternal grandmother, D.W. ("the maternal grandmother"), filed dependency and custody petitions relating to the children; she alleged that the children were dependent and sought an award of their custody.[2] After a trial held on November 14, 2023, the juvenile court entered separate judgments in case numbers JU-22-28.02, JU-22-28.03, JU-23-327.01, and JU-23-327.02 finding that the children were dependent and awarding their custody to the maternal grandmother.[3]  The mother filed a timely postjudgment motion in each action, each of which was denied. She then filed a notice of appeal in each action.

---

[1]The petition giving rise to the August 11, 2023, judgment relating to P.R. was assigned case number JU-22-28.02, and the petition giving rise to the August 11, 2023, judgment relating to J.T.S. was assigned case number JU-23-327.01.

[2]The maternal grandmother's petition relating to P.R. was assigned case number JU-22-28.03, and her petition relating to J.T.S. was assigned case number JU-23-327.02.

[3]Although the maternal grandmother did not intervene in case number JU-22-28.02 and case number JU-23-327.01, it appears that the juvenile court also held permanency-review hearings in those cases on November 14, 2023, and that the subsequent judgments regarding the disposition of the children were properly entered in those cases.

CL-2023-0882, CL-2023-0883, CL-2023-0884, and CL-2023-0885

On appeal, the mother first argues that the juvenile court erred by allowing the maternal grandmother to testify using interactive two-way audiovisual technology. The record reflects that, at the commencement of the trial, the juvenile court announced that the maternal grandmother was attending the trial via use of "FaceTime," a videoconferencing application. When counsel for the maternal grandmother called her client as a witness, counsel for the mother objected to the maternal grandmother's not appearing in person to testify. The juvenile court overruled the mother's objection and proceeded to take the maternal grandmother's testimony over "FaceTime." In her postjudgment motions, the mother again raised the issue of the maternal grandmother's failure to appear to testify in person.

In response to the mother's argument, both the maternal grandmother and DHR contend that the juvenile court acted within its discretion in permitting the maternal grandmother to testify from a different location via the use of audiovisual technology.[4] As both point

_____

[4]The maternal grandmother states in her brief that "[t]he COVID-19 pandemic taught all of us that business can be conducted via [Z]oom," another videoconferencing application. Maternal grandmother's brief at

3

CL-2023-0882, CL-2023-0883, CL-2023-0884, and CL-2023-0885

out, Rule 33(B), Ala. R. Juv. P., authorizes a juvenile court to conduct

certain hearings through the use of audiovisual technology. However,

Rule 33(B) does not provide that a juvenile court may take testimony

through the use of audiovisual technology in every type of juvenile-court

hearing.

Rule 33(B) provides, in pertinent part:

"A juvenile court may direct the parties in a juvenile-delinquency, child-in-need-of-supervision, or dependency case to appear in a detention or shelter-care hearing pursuant to § 12-15-207, Ala. Code 1975, or a shelter-care hearing pursuant to § 12-15-308, Ala. Code 1975, by using audiovisual technology without obtaining the written consent of the parties and attorneys, including the consent of the child and the child's attorney or guardian ad litem. Upon the written consent of the child and the child's attorney in a juvenile-delinquency or child-in-need-of-supervision case, a plea and

9. Although our supreme court authorized trials to be conducted through the use of audiovisual technology during the COVID-19 pandemic, Administrative Order No. 16 was the last order authorizing that practice. That order, which was issued on March 23, 2022, extended the authorization to use such technology only until September 30, 2022. On October 25, 2022, our supreme court issued an "interim order" authorizing any judge of an Alabama court to "to use his or her discretion to allow any appearance, proceeding, hearing, or review in which no testimony is taken to be conducted by audio/video technologies." (Emphasis added.) Thus, the interim order does not provide a basis for the juvenile court to have permitted the maternal grandmother to testify through the use of audiovisual technology.

4

> disposition also may be entered by using audiovisual technology."

Although the Committee Comments to Adoption of Rule 33 Effective October 6, 2021, state that "[t]his rule allows the juvenile courts of this State to conduct juvenile-detention and shelter-care hearings and to enter pleas and dispositions in juvenile-delinquency, child-in-need-of-supervision, and dependency cases using two-way interactive audiovisual technology" (emphasis added), we must consider the plain language of the rule itself and not the language of the comment. Ex parte Anderson, 644 So. 2d 961, 963 (Ala. 1994) (explaining that, when construing a Rule of Civil Procedure, an appellate court "cannot give precedence to [a] statement [in the Committee Comments] over the otherwise clear language contained in the rule"); J.W. v. State, 751 So. 2d 529, 532 (Ala. Crim. App. 1999) (applying the principle set out in Ex parte Anderson to the construction of a Rule of Juvenile Procedure). We read the plain language of Rule 33(b) to authorize the appearance of parties through the use of audiovisual technology only in specific types of hearings. See L.J. v. Calhoun Cnty. Dep't of Hum. Res., 289 So. 3d 827, 831 (Ala. Civ. App. 2019) (explaining that an appellate court is to interpret a rule of

5

CL-2023-0882, CL-2023-0883, CL-2023-0884, and CL-2023-0885

procedure by giving the words used in the rule "their natural, plain, ordinary, and commonly understood meaning"). Rule 33(B) allows for parties to appear via audiovisual technology in detention or shelter-care hearings conducted by a juvenile court in delinquency and child-in-need-of-supervision cases pursuant to Ala. Code 1975, § 12-15-207, and in shelter-care hearings conducted by a juvenile court in dependency cases pursuant to Ala. Code 1975, § 12-15-308. Furthermore, the rule authorizes a juvenile court to enter a plea or disposition using audiovisual technology in delinquency and child-in-need-of-supervision cases only upon the written consent of the child and the child's attorney. Nothing in the language of the rule authorizes a juvenile court to use audiovisual technology to take the testimony of a party during an adjudicatory hearing in a delinquency, child-in-need-of-supervision, or dependency case or in a dispositional hearing in a dependency case.

The trial in these matters was an adjudicatory and dispositional trial on the maternal grandmother's dependency and custody petitions. Rule 33(B) does not provide that the parties may testify via audiovisual

CL-2023-0882, CL-2023-0883, CL-2023-0884, and CL-2023-0885

technology in such hearings. Thus, the juvenile court erred by allowing the maternal grandmother to testify via "FaceTime."

DHR further contends that Rule 43(a), Ala. R. Civ. P., also supports the juvenile court's allowing the maternal grandmother to testify via audiovisual technology. Rule 43(a) provides that "[i]n all trials the testimony of witnesses shall be taken orally in open court, unless otherwise provided in these rules. For good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location." Rule 1(A), Ala. R. Juv. P., provides that, "[i]f no procedure is specifically provided in these Rules or by statute, the Alabama Rules of Civil Procedure shall be applicable to those matters that are considered civil in nature ...." However, Rule 33 does specify the procedure for using audiovisual technology in juvenile proceedings, and the use of that technology is quite limited. We need not, however, determine whether the existence of Rule 33 precludes the application of Rule 43(a) to juvenile proceedings to decide these appeals.

Even if we were to apply Rule 43(a) to the facts of these particular cases, the result would not be different. The Committee Comments to Amendment to Rule 43 Effective November 23, 2020, explain that allowing witnesses to testify from another location should not be routinely permitted.

> "Rule 43 has been amended to incorporate the exact language from Rule 43(a), Federal Rules of Civil Procedure, as amended in 1996, regarding transmission of testimony from a location other than open court. These comments follow closely, but not exactly, the Advisory Committee Notes for the 1996 amendment to Rule 43(a) of the Federal Rules of Civil Procedure. Contemporaneous transmission of testimony from a different location is permitted only on showing good cause in compelling circumstances. A party seeking to use such testimony bears the heavy burden of establishing good cause in compelling circumstances. A party who could reasonably foresee the circumstances offered to justify transmission of testimony from a different location will have a greater difficulty in showing good cause and the compelling nature of the circumstances. Notice of a desire to transmit testimony from a different location should be given as soon as the reasons are known, to enable other parties to arrange a deposition or to know whether to prepare to be present with the witness while testifying.

> "The importance of presenting live testimony in court cannot be forgotten. The very ceremony of trial and the presence of the fact-finder may exert a powerful force for truth-telling. The opportunity to judge the demeanor of a witness face-to-face is accorded great value in our tradition.

Transmission cannot be justified merely by showing that it is inconvenient for a witness to attend the trial.

"The most persuasive showings of good cause and compelling circumstances are likely to arise when a witness is unable to attend trial for unexpected reasons, such as accident or illness, but remains able to testify from a different place. Contemporaneous transmission may be better than an attempt to reschedule the trial, particularly if there is a risk that other -- and perhaps more important -- witnesses might not be available at a later time.

"Other possible justifications for remote transmission must be approached cautiously. Ordinarily depositions, including video depositions, provide a superior means of securing the testimony of a witness who is beyond the reach of a trial subpoena or of resolving difficulties in scheduling a trial that can be attended by all witnesses. Deposition procedures ensure the opportunity of all parties to be represented while the witness is testifying. An unforeseen need for the testimony of a remote witness that arises during trial, however, may establish good cause and compelling circumstances. Justification is particularly likely if the need arises from the interjection of new issues during trial or from the unexpected inability to present testimony as planned from a different witness."

The maternal grandmother did not present to the juvenile court a request that she be permitted to testify from a different location through the use of audiovisual technology. Nor did she present facts establishing a compelling circumstance that would support the granting of such a request. As far as we can glean from the record, the maternal

9

CL-2023-0882, CL-2023-0883, CL-2023-0884, and CL-2023-0885

grandmother simply desired not to make a trip to Alabama to testify in support of her dependency and custody petitions, and her counsel simply decided, without previous permission from the juvenile court, to call her witness over "FaceTime." Because the record is devoid of any showing of compelling circumstances to support allowing the maternal grandmother to testify from a different location through audiovisual technology pursuant to Rule 43(a), the juvenile court erred in permitting her to do so. See, e.g., Eller v. Trans Union, LLC, 739 F.3d 467, 478 (10th Cir. 2013) (applying Rule 43(a), Fed. R. Civ. P., and determining that a party had not made an adequate showing of grounds to permit telephonic testimony); Humbert v. O'Malley, 303 F.R.D. 461, 464-65 (D. Md. 2014) (applying Rule 43(a), Fed. R. Civ. P., and recognizing "the Advisory Committee Notes' guidance that inconvenience alone is insufficient," but finding that "'serious medical and logistical reasons' -- including the Victim's PTSD, 'fears and debilitating anxiety associated with the State of Maryland,' and the home-schooling of her autistic son" -- which had been presented via motion, were sufficient to authorize testimony by contemporaneous transmission from a different location); see also

10

Greener v. Killough, 1 So. 3d 93, 103 (Ala. Civ. App. 2008) (applying Rule 43(a) as it read before the 2020 amendment to conclude that a trial court had erred in permitting a witness to testify via telephone and stating that, "had Alabama adopted that portion of the federal rule allowing contemporaneous transmission of testimony, [the witness's] testimony would not have been allowed because there were not appropriate safeguards in place and there were no special circumstances necessitating the employment of telephonic testimony").

Having determined that the juvenile court could not permit the maternal grandmother to testify via audiovisual technology from a different location under either Rule 33(B) or Rule 43(a), we conclude that her testimony was inadmissible. Because the maternal grandmother's testimony was necessary to the juvenile court's judgments determining that the children's best interests would be served by placement in her custody and was not cumulative of other, admissible testimony, admission of the maternal grandmother's testimony was not harmless error. See T.Y. v. Jefferson Cnty. Dep't of Hum. Res., 129 So. 3d 280, 285 (Ala. Civ. App. 2013) (reversing a termination-of-parental-rights

CL-2023-0882, CL-2023-0883, CL-2023-0884, and CL-2023-0885

judgment when the inadmissible evidence admitted at trial was not cumulative of other evidence presented at trial); see also Rule 45, Ala. R. App. P. ("No judgment may be reversed or set aside, nor new trial granted in any civil … case on … the improper admission or rejection of evidence, nor for error as to any matter of pleading or procedure, unless in the opinion of the court to which the appeal is taken or application is made, after an examination of the entire cause, it should appear that the error complained of has probably injuriously affected substantial rights of the parties."); Baker v. State Dep't of Hum. Res., 533 So. 2d 633, 636 (Ala. Civ. App. 1988) (explaining that the admission of inadmissible evidence is not reversible error when the record contains other, admissible evidence sufficient to support the juvenile court's judgment); Evers v. Medical Licensure Comm'n, 523 So. 2d 414, 416 (Ala. Civ. App.1987) ("In a non-jury trial or hearing, an error in the admission of evidence does not authorize a reversal if the decision is sustained by other legal evidence."). Accordingly, we reverse the judgments entered by the juvenile court, and we remand the cases for a new trial. See Greener, 1 So. 3d at 103.

CL-2023-0882, CL-2023-0883, CL-2023-0884, and CL-2023-0885

CL-2023-0882 -- REVERSED AND REMANDED WITH INSTRUCTIONS.

CL-2023-0883 -- REVERSED AND REMANDED WITH INSTRUCTIONS.

CL-2023-0884 -- REVERSED AND REMANDED WITH INSTRUCTIONS.

CL-2023-0885 -- REVERSED AND REMANDED WITH INSTRUCTIONS.

Moore, P.J., and Hanson, Fridy, and Lewis, JJ., concur.