275 So.2d 651

**DOCTORS HOSPITAL OF MOBILE, INC., a corporation,**

v.

**Lavert D. KIRKSEY.**

**DOCTORS HOSPITAL OF MOBILE, INC., a corporation,**

v.

**Clyde H. KIRKSEY.**

**SC 2, 3.**

Supreme Court of Alabama.

Feb. 1, 1973.

Rehearing Denied March 15, 1973.

A. Neil Hudgens, Peter V. Sintz, Mobile, for appellant.

222

Reynolds & Lauten, Mobile, for appellees.

MADDOX, Justice.

Defendant-appellant, Doctors Hospital of Mobile, Inc., appeals from judgments in the sum of $60,000 and $15,000 entered in two suits commenced in the Circuit Court of Mobile County, one for personal injuries by Lavert D. Kirksey (plaintiff-appellee-wife) and the other for loss of services by Clyde H. Kirksey (plaintiff-appellee-husband). The two cases were consolidated for trial in the Mobile County Circuit Court, and the jury returned verdicts in favor of Lavert Kirksey for the sum of $60,000 and in favor of Clyde Kirksey for the sum of $15,000. Appellants' motions for a new trial in both cases were denied. This appeal followed. The cases were consolidated on appeal by order of this court.

Appellant urges error by the trial court in numerous particulars. Several of the assignments are well taken. All of the assignments will not be considered here.

Appellant's main argument is made in connection with the giving by the trial court of written instructions to the jury requested by the plaintiffs, which the defendant claims were erroneous. Plaintiff claimed that a nurse was negligent in administering a postoperative injection, resulting in severe damage to one of her legs.

The giving of the following charge requested by plaintiffs is assigned as error:

"The court charges the jury that a hospital such as Doctors Hospital of Mobile, Inc., is directly responsible to its patients for providing competent medical care."

The giving of this charge is reversible error. In Mobile Infirmary v. Eberlein, 270 Ala. 360, 119 So.2d 8 (1960), the giving of a similar requested charge was held to be reversible error. In *Eberlein*, the charge was as follows:

"The court charges the jury that negligence in the case that we are trying is defined to be a failure to exercise *reasonable and ordinary care, diligence, and skill* in respect to the *duty* so assumed and undertaken by the hospital." [Emphasis supplied]

The court in *Eberlein*, in determining Charge 1 in that case to be erroneous, said:

"It is argued that this charge does not define 'the duty so assumed and under-

taken by the hospital' but leaves to the jury to decide what duty was assumed and undertaken by the hospital. Since the court did not attempt to define what duty the hospital assumed and undertook with respect to the plaintiff's intestate, it is argued that the charge submits a question of law to the jury and accordingly was bad and should not have been given. We agree. Further we think that Charge No. 1 is also bad because it leaves to the jury the determination of another question of law, viz.: what constitutes 'reasonable and ordinary care, diligence and skill?' It seems to us that the court should have instructed the jury as to the meaning of the phrase 'reasonable and ordinary care, diligence and skill' as it applies to those engaged in operating a hospital. As we have shown the measure of duty was that degree of care, skill and diligence used by hospitals generally in the community and as may be required by the express or implied contract of the undertaking. This court has held on various occasions that a charge submitting questions of law to the determination of the jury should not be given and the giving of such a charge is reversible error. Johnson v. McNear, 255 Ala. 457, 52 So.2d 154; Wert v. Geeslin, 37 Ala.App. 351, 69 So.2d 718, certiorari denied 260 Ala. 701, 69 So.2d 724; Townsend v. Adair, 223 Ala. 150, 134 So. 637; Buffalo Rock Co. v. Davis, 228 Ala. 603, 154 So. 556."

■ The giving by the trial court of Charge 4 was erroneous, and that charge should not have been given. The charge submitted a question of law to the jury and the giving of the charge is reversible error. *Eberlein*, and cases therein cited.

The trial court gave at plaintiff's request the following written Charge 13:

"The Court charges the jury that a hospital is under a duty to furnish competent medical care to the patients entrusted to its care, and if you are rea-sonably satisfied from the evidence in these cases that Doctors Hospital of Mobile, Inc., failed to furnish competent medical care to Mrs. Kirksey while she was a patient at such hospital and as a proximate result thereof, Mrs. Kirksey suffered the injuries complained of, then the hospital is liable."

Charge 13 is erroneous, in that, like Charge 4 already discussed, it uses the term "competent medical care" to describe the obligation which Doctors Hospital owed to patient Kirksey. This court has on several occasions spelled out the duty which a hospital owes to a patient. Generally, the measure of duty owed has been stated as that degree of care, skill, and diligence used by hospitals generally in that community. See Mobile Infirmary v. Eberlein, *supra*; South Highlands Infirmary, Inc. v. Galloway, 233 Ala. 276, 171 So. 250 (1936).

■ Appellees argue that the giving of Charges 4 and 13 should not work a reversal. They use two main arguments. One is that other requested written charges were given which adequately and correctly defined the duty owed by the hospital and that the trial court's oral charge also correctly defined the duty owed by the hospital. Secondly, appellees say that hospitals should no longer be judged solely by the standard of care used by other hospitals generally in the community. Both arguments are persuasive but not convincing. This court has said on several occasions that the giving of an erroneous and prejudicial charge at the request of a party ordinarily works a reversal, though the court correctly charges the jury otherwise. Isay v. Cameron, 285 Ala. 164, 229 So.2d 916 (1969); Cf. Maslankowski v. Beam, 288 Ala. 254, 259 So.2d 804 (1972). On the second point, the law of Alabama does not support appellees' argument that hospitals should no longer be judged solely by the standard of care used by hospitals generally in the community. In this court's recent case of Underwood v. Holy Name of Jesus

Hospital, 289 Ala. 216, 266 So.2d 773 (1972), this court said:

> "The measure of duty owed by a hospital to a patient is that degree of care, skill, and diligence used by hospitals generally in the community and by the express or implied contract of the undertaking. Cooper v. Providence Hospital, supra, [272 Ala. 283, 130 So.2d 8]; Mobile Infirmary v. Eberlein, 270 Ala. 360, 119 So.2d 8."

This court, by setting out this general rule, recognizes exceptions. In South Highlands Infirmary, Inc. v. Galloway, 233 Ala. 276, 171 So. 250 (1936), the court cautioned:

> "A different situation might arise if it were affirmatively shown that hospitals in that community generally followed practices lacking in ordinary care for patients received for hospitalization."

█ Charge 13 here predicates liability of the appellant on the breach of a "duty to furnish competent medical care" whereas the duty is to exercise "that degree of care, skill and diligence used by hospitals generally in the community." The charge misstates the measure of duty as a predicate for the appellant's liability and such misstatement constitutes reversible error. Thompson v. Havard, 285 Ala. 718, 235 So.2d 853 (1970); Reaves v. Maybank, 193 Ala. 614, 69 So. 137 (1915).

█ Charge 10, given by the trial court at the request of appellee, is defective for the same reasons as is Charge 13 discussed above. This charge reads:

> "The Court charges the jury that if you are reasonably satisfied from the ev-

idence in these cases that a nurse employed by Doctors Hospital of Mobile, Inc., made a medication error in administering a drug or other medicine to Mrs. Kirksey's right thigh, then the hospital would be liable for injuries and damages proximately resulting from such error, as nurses are bound to know the fatal dosage of all drugs and the danger of an overdose of any type of drug and the proper way to administer any drug, and nurses must be familiar with the usually acceptable routes of drug administration."

This charge attempts to define actionable negligence for which the hospital would be liable. However, the charge defines the duty of a nurse-employee of the appellant "to know the fatal dosage of *all* drugs and the danger of an overdose of *any* type of drug and the proper way to administer any drug." [Emphasis supplied.][1] In South Highlands Infirmary, Inc. v. Galloway, 233 Ala. 276, 171 So. 250 (1936), the court allowed a charge wherein the duty of a nurse was to act as a "reasonably prudent, careful, skilled and diligent nurse would have done under the same or similar circumstances." But, Charge 10 does not read like the charge in South Highlands Infirmary, Inc. Charge 10 omits the necessary element of "duty" which makes the charge a misstatement of the law which constitutes reversible error under Thompson v. Havard, supra.

Having determined that the trial court's giving of Charges 4, 10 and 13 constitutes reversible error in the instant case, other errors assigned, some of which we believe have merit, will not be discussed here with the hope that they will not occur on a new

---

1. This charge seems to be excerpted from an article by Prof. Arthur F. Southwick, The Hospital's New Responsibility, 17 Clev.–Mar.L.Rev. 146, 156, wherein he wrote:

> "It is perfectly clear that nurses are employees of the institution when performing their routine nursing functions. They are in control of the hospital even when performing a professional act. Therefore, in most instances, the hospital is clearly liable for a nurse's medication error and it would seem that nurses must know the fatal dosage of all drugs and be familiar with the usually acceptable rules and routes of drug administration."

trial. The judgments of the trial court are due to be reversed and remanded in both cases.

Reversed and remanded.

MERRILL, HARWOOD and McCALL, JJ., concur.

HEFLIN, C. J., concurs in the result.