This case raises an evidentiary question presented at trial: The admissibility of a portion of a police officer's accident report which was allegedly admissible under the "past recollection recorded" exception to the hearsay rule. The trial Court ruled against admissibility. We reverse and remand.
On March 11, 1976, the Plaintiff-Appellant, Damon Dennis, Jr., was involved in an automobile accident with Appellee, Annetta Renee Scarborough, at the intersection of University and Airport Boulevards in Mobile. Dennis brought suit seeking recovery for personal injuries which he allegedly sustained from the collision.
At trial, Dennis sought to introduce part of the accident report of John W. Berkey, the investigating police officer. Dennis attempted to introduce only that portion of the report which allegedly recorded an admission made to Berkey by the Defendant. Berkey stated that he was not present when the collision occurred and, at trial, did not remember anything of his alleged interview with Scarborough. He did, however, recognize his signature and handwriting on the report. The trial Judge refused to permit the report to be introduced into evidence as a record of Berkey's past knowledge. *Page 279 
It is this ruling upon which this appeal is primarily founded.
Dennis' primary argument concerns the admissibility of the report containing statements allegedly made to, and recorded by, Officer Berkey. We are not presented with a question relating to refreshing the witness' present recollection. Instead, the witness stated that he had no present recollection of the event and must rely upon the report, and the facts stated therein, for his present testimony.
Ordinarily, the reports of investigating officers are not admissible in evidence. Nettles v. Bishop, 289 Ala. 100,266 So.2d 260 (1972); and Vest v. Gay, 275 Ala. 286, 154 So.2d 297
(1963). See also § 32-10-11, Ala. Code 1975. They are deemed hearsay and do not fall within the "business records" exception to that exclusionary rule. Pike Taxi Co. v. Patterson, 258 Ala. 508, 63 So.2d 599 (1952). Therefore, to be admissible, that portion of the report sought to be introduced must come within the ambit of some other exception to the hearsay rule.
The exception attempted to be utilized here is that of "past recollection recorded." The leading Alabama authority dealing with this subject is Acklen's Executor v. Hickman, 63 Ala. 494
(1879). Our oft-quoted rule, as stated therein, provides:
 "The law recognizes the right of a witness to consult memoranda in aid of his recollection, under two conditions:
". . .
 "In the second class are embraced cases in which the witness, after examining the memorandum, cannot testify to an existing knowledge of the fact, independent of the memorandum. In other words, cases in which the memorandum failed to refresh and revive the recollection, and thus constitute it present knowledge. If the evidence of knowledge proceed no further than this, neither the memorandum, nor the testimony of the witness can go before the jury. If, however, the witness go further, and testify that, at or about the time the memorandum was made, he knew its contents, and knew them to be true, this legalizes and lets in both the testimony of the witness and the memorandum. The two are the equivalent of a present, positive statement of the witness affirming the truth of the contents of the memorandum. . . ." 63 Ala., at 498.
Stated otherwise, there are three requirements before a memorandum may be admitted into evidence under this exception. The witness must testify that he presently knows (or testifies to facts showing that he presently knows):
 "(1) That he personally observed the event or facts referred to in the writing and that the writing was made or seen by the witness either contemporaneously with the event or when his recollection of the event was fairly fresh.
". . .
 "(2) That he then knew the contents of the writing and knew such contents to be true and correct.
 "Where the witness testifies that the writing is in his own handwriting, he may testify further that he knows from his general practice in making writings of that kind that what he wrote was true.
 "(3) That he has no present recollection of the event other than his testimony to the matters stated in 1 and 2 above." McElroy's Alabama Evidence, § 116.03.
As stated above, the witness may recognize his own handwriting and affirmatively state that the contents of the document must be true because he would not have recorded them otherwise. See also Williams v. Riddlesperger, 227 Ala. 113,148 So. 803 (1933). Berkey substantially stated this very fact. Furthermore, he indicated that the statement was made to him by the Defendant, Scarborough. Although Berkey had no present recollection of the event, he testified that he made the recording at the time of his investigation and that, at that time, he must have known the recording's veracity (though not whether the statement itself was accurate) because he otherwise would not have written them down. Therefore, the predicate laid was sufficient. *Page 280 
A more precise predicate, perhaps, would be more proper. The witness' habits and past knowledge, however, go toward the weight of his testimony, not its admissibility. To hold otherwise would unduly restrict the applicable rule of evidence.
Thus viewed, a second application of the hearsay rule becomes pertinent; i.e., whether the Defendant's out-of-court statement may be introduced into evidence. It appears from the circumstances of this case that the statement constitutes an admission by the party Defendant and, as such, is admissible evidence of her negligence. McElroy's Alabama Evidence, § 180.01. Of course, upon remand and retrial, the full circumstances of this admission may be elicited and, if possible, explained.
The judgment of the trial Court is reversed and the cause is remanded.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, SHORES and BEATTY, JJ., concur.