HOLMES, Judge.
The plaintiff sued the defendant for assault and battery. Defendant appeals from a jury verdict and resulting judgment in the amount of $8,800. We affirm.
The dispositive issues are (1) whether the trial court committed reversible error in allowing certain testimony concerning de *306 fendant’s character, (2) whether the conduct of the plaintiffs attorney so aroused the prejudices of the jury as to require reversal, and (3) whether a police report was properly admitted into evidence.
The record reveals the following:
Both plaintiff and defendant were members of the International Longshoremen’s Association. At a union meeting held on June 3,1975, there arose a factional dispute of such intensity that the police were summoned to quell the disturbance.
The defendant was in the center of the controversy and was disrupting the meeting, daring anyone to call the police. The sergeant-at-arms did make such a call, and when plaintiff pointed out the defendant to the officers who arrived at the scene, the defendant struck plaintiff in the jaw. The defendant was then arrested.
The blow shattered plaintiff’s teeth. There was testimony that plaintiff suffered approximately $4,500 actual damages in dental bills and lost wages.
The defendant filed a counterclaim, alleging plaintiff was guilty of assault and battery. At the close of the evidence, the learned trial judge granted plaintiff’s motion for directed verdict on the counterclaim. As indicated, the jury returned a verdict of $8,800 in favor of plaintiff.
On appeal, defendant first argues the trial judge erred in overruling his objection to a question put to one of the arresting officers. Counsel for plaintiff, in cross-examining the officer, asked if the officer had gone to the union hall on more than one occasion to arrest the defendant. After defense counsel’s timely objection was overruled, the officer answered in the negative.
We see no need to address plaintiff’s contention that this question was proper even though defendant had not taken the stand ■to testify. We reach this conclusion because even if defendant’s character was not yet in issue, there was no reversible error due to the negative answer of the witness.
In order to justify reversal, the defendant must not only establish error, but must also show that he was probably prejudiced by the error. Watson v. McGee, Ala., 348 So.2d 461 (1977). Put another way, this court cannot reverse a judgment for the improper admission of evidence unless it appears that the error has probably injuriously affected the substantial rights of a party. See, Rule 45, ARAP.
Thus, there is no reversible error unless it is shown that in response to an improper question prejudicially inadmissible evidence has been elicited and admitted. Smith Kelley-Supply Co. v. Bryant, 285 Ala. 712, 235 So.2d 848 (1970). To this court, this rule is especially pertinent where, as here, the answer to the question was not only in the negative, but was in fact favorable to the complaining party. Tankersley v. Webb, 263 Ala. 234, 82 So.2d 259 (1955).
The defendant, through able counsel, further alleges that counsel for the plaintiff engaged in such highly prejudicial conduct as to warrant reversal, pointing to several instances which he argues necessitate this result. First, he contends that in his opening statement counsel for plaintiff introduced immaterial and prejudicial matter concerning the “obscene and vile” language of defendant at the union meeting. He further argues that plaintiff’s counsel unduly persisted in trying to elicit testimony concerning defendant’s prior convictions after the trial judge had ruled this line of questioning premature. Next, he contends plaintiff’s counsel stepped up into the jury box almost touching a juror while cross-examining, a witness. Finally, he argues it was improper for plaintiff’s counsel to mention the defendant’s counterclaim in his closing argument.
Turning first to the opening comments, we find no reversible error. The trial judge sustained defendant’s objection to this line of argument which was a proper exercise of his discretion. However, we are not prepared to say the remarks were of such gravity that they might have improperly influenced the verdict. Cook v. Latimer, 274 Ala. 283, 147 So.2d 831 (1962).
In Cook, supra, the supreme court did reverse because of certain opening remarks, but there the trial court overruled the op *307 posing party s objections to statements that were not only “entirely irrelevant and grossly prejudical” but were also “rank hearsay.” 274 Ala. at 287, 147 So.2d at 834. Suffice it to say that here, where the trial court sustained defendant’s objection to matters that were not inadmissible in and of themselves as hearsay, and where there was no motion to exclude, no grounds for reversal exist. See, Lunsford v. Deitrich, 93 Ala. 565, 9 So. 308 (1891). Indeed, witnesses were allowed to testify as to defendant’s language, which certainly contained “fighting words,” until the trial judge decided it prudent to ask the witnesses to abbreviate as best they could.
Furthermore, we do not find that the persistent effort of plaintiff’s counsel to introduce evidence of defendant’s prior conviction warrants reversal. Assuming without deciding that the offer was premature as found by the trial judge, the evidence itself was not intrinsically illegal. Neither did it have the sole intended effect of prejudicing the jury. Therefore, even if counsel was overzealous in his efforts, his conduct does not warrant reversal. See, Porter Coal Co. v. Davis, 231 Ala. 359, 165 So. 93 (1936). Indeed, the evidence was properly admitted once defendant took the stand.
Also, we find no merit in defendant’s arguments concerning the conduct of plaintiff’s counsel in allegedly stepping up into the jury box. The record reveals counsel was examining a defense witness in an effort to arrive at the vantage point of the witness in viewing the incident. In attempting to follow the instructions of the witness and place himself in a similar position, counsel apparently stepped into or near the jury box.
While it is improper practice to intentionally touch a juror, Hallman v. State, 36 Ala.App. 592, 61 So.2d 857 (1952), there is no showing here of anything more than inadvertence in approaching the jurors. We fail to see how this incident could have harmed the substantial rights of the defendant in any way.
Additionally, we find no reversible error in plaintiff’s counsel, during closing argument, mentioning defendant’s counterclaim, even though the trial judge had granted plaintiff’s motion for directed verdict. We note the trial judge admonished the jury that any claim by the defendant against the plaintiff was not an issue and not for its consideration. In view of the above, we find no substantial prejudice to the defendant has been shown. Thus, we are not free to reverse on this point. Walker v. Cardwell, Ala., 348 So.2d 1049 (1977); S. S. Kresge Co. v. Ruby, Ala., 348 So.2d 484 (1977).
Addressing the final issue raised, we find the admission of the police report was proper.
Although the reports of investigating officers are not ordinarily admissible as they are deemed hearsay, Nettles v. Bishop, 289 Ala. 100, 266 So.2d 260 (1972), this rule is varied if the report comes within the ambit of one of the exceptions to the hearsay rule. Dennis v. Scarborough, Ala., 360 So.2d 278 (1978).
Such an exception is that of “past recollection recorded,” and a memorandum such as a police report is admissible if the following requirements are met:
The witness must testify that he presently knows (or testifies to facts showing that he presently knows):
“(1) That he personally observed the event or facts referred to in the writing and that the writing was made or seen by the witness either contemporaneously with the event or when his recollection of the event was fairly fresh.

“(2) That he then knew the contents of the writing and knew such contents to be true and correct.
“Where the witness testifies that the writing is in his own handwriting, he may testify further that he knows from his general practice in making writings of that kind that what he wrote was true.
“(3) That he has no present recollection of the event other than his testimony to the matters stated in 1 and 2 above.” McElroy’s Alabama Evidence, § 116.03.
360 So.2d at 279.
*308 Suffice it to say that the investigating officer here stated he personally observed the events referred to in the writing and that he contemporaneously made the writing based on what he observed. He stated he had no independent recollection of the events. Although he at first attempted to testify after looking at the report, he soon became confused. At this point, the learned trial judge admitted the report into evidence. Clearly, the proper predicate was laid and there was no error.
This case is due to be affirmed.
AFFIRMED.
WRIGHT, P. J., and BRADLEY, J., concur.