Erline Worsham brought this action against William Fletcher and Saunders Leasing Systems for injuries she received when an automobile driven by Fletcher collided with Worsham's automobile. Following a trial on the merits, a jury returned a verdict for the defendants. Worsham appeals.
The collision occurred at the intersection of Interstate Highway I-65 and Government Boulevard in Mobile County. The descriptions of the accident as given by both drivers were essentially the same. Both automobiles were on a service road and were attempting to merge with traffic on Government Boulevard. Worsham was immediately ahead of Fletcher. Both vehicles stopped as they approached the intersection. Worsham thought she saw an opening in the traffic and started out as if to attempt to enter the line of vehicles on Government Boulevard. As she started to move, Fletcher began moving and at the same time he looked to the left to check the oncoming traffic. Worsham changed her mind and decided not to enter the line of traffic at that time and stopped. Fletcher's automobile collided with the rear end of Worsham's automobile.
Worsham raises one issue on appeal: whether the trial court erred in refusing to allow the introduction of the investigating police officer's report.
The appellant concedes that reports of investigating police officers are hearsay, and therefore are not ordinarily admissible. Nettles v. Bishop, 289 Ala. 100, 266 So.2d 260
(1972). She argues, however, that the report was admissible in this instance because it was a "past recollection recorded." See Dennis v. Scarborough, 360 So.2d 278 (Ala. 1978).
In order to lay a predicate for the admission of a document under the "past recollection recorded" rule, the witness must testify to the following:
 "(1) That he personally observed the event or facts referred to in the writing and that the writing was made or seen by the witness either contemporaneously with the event or when his recollection of the event was fairly fresh.
 "It is not essential, to benefit from past recollection recorded, that the witness himself shall have made the writing. The writing may have been made by another person if the witness saw it when the event recorded was fairly fresh in his memory and he then knew the statements in the writing to be correct.
 "(2) That he then knew the contents of the writing and knew such contents to be true and correct.
 "Where the witness testifies that the writing is in his own handwriting, he may testify further that he knows from his general practice in making writings of that kind that what he wrote was true.
 "(3) That he has no present recollection of the event other than his testimony to the matters stated in 1 and 2 above."
C. Gamble, McElroy's Alabama Evidence, § 116.03 (3d ed. 1977).
In Dennis, supra, the appellant sought to introduce only that portion of the report which recited an admission against interest made to the investigating officer by an *Page 948 
adverse party. 360 So.2d at 278. The adverse party's admission was admissible as evidence of her negligence and the accident report containing the admission qualified under the "past recollection recorded" rule set out by Gamble, supra.
In the case at bar, the officer testified that at the time the writing was made he knew that the contents of the writing were true and correct and that he had no recollection at the time of trial of the events related in the report. The reason the report was inadmissible in this case was that the officer did not personally observe all of the events described in the report. That information in the report which was based on the officer's own observations was admissible. The date of the report, the drawing depicting the positions of the vehicles at the time the officer observed them, the description of the intersection, and the description of the weather conditions were all things which the officer saw. Those portions of the report could have been admitted. In fact, the officer was allowed to testify without objection to those facts. The objections were made to those portions of the report which were based, in part, on the events which transpired before the officer arrived on the scene. The defendant properly objected to the portion of the report describing the accident. That description was based on what other people told the officer, not on what he saw. The report did not indicate that the statements made to the officer were attributable to the defendant. The defendant also objected to questioning as to the "contributing circumstances" entry on the report. It indicated that there was no improper driving on the plaintiff's part and that the defendant was inattentive and following too closely. Again, those were not observations made by the officer. The plaintiff never argued that the officer was an expert who could testify to such opinions based on what he saw.
A writing which would otherwise be inadmissible hearsay may be admitted if it qualifies as a "past recollection recorded." To fall within this exception, however, the statements in that writing must be statements which the witness would have been able to testify to if he had had a present recollection of the event at the time of the trial. In this case, the officer had no first hand knowledge of the accident and the plaintiff did not attempt to qualify him as an expert who could testify as to the cause of the collision. His hearsay statements on the report were not made admissible merely by putting them in writing, and nothing else appears in this case to make his hearsay admissible.
The trial court properly refused to allow the accident report into evidence.
AFFIRMED.
TORBERT, C.J., and ALMON, EMBRY and ADAMS, JJ., concur.