715 So.2d 800 (1997)
Myrtle MAINOR
v.
HAYNEVILLE TELEPHONE CO., et al.
2960608.
Court of Civil Appeals of Alabama.
December 19, 1997.
Rehearing Denied January 23, 1998.
Certiorari Denied May 22, 1998.
*801 Jim L. DeBardelaben of DeBardelaben & Norwood, P.C., Montgomery, for appellant.
Edward B. Parker II and J. Randall McNeill of Parker & Mooty, P.C., Montgomery, for appellees.
Alabama Supreme Court 1970777.
MONROE, Judge.
Myrtle Mainor sued Hayneville Telephone Company and Heather Wood, seeking to recover compensatory damages based on harm she claims to have incurred in an automobile accident. She also sought punitive damages. In her complaint, Mainor alleged that Wood, individually and as an agent for Hayneville Telephone, had negligently or wantonly caused an automobile accident and that Hayneville Telephone had negligently entrusted its automobile to Wood. A jury returned a verdict in favor of Wood and Hayneville Telephone, and the trial court entered a judgment on that verdict. Mainor appealed to the Alabama Supreme Court, which transferred the case to this court pursuant to § 12-2-7(6), Ala.Code 1975.
Mainor contends that the trial court erred in admitting into evidence certified copies of four Alabama Uniform Accident Reports. One of the reports concerned the accident at issue; the other three concerned prior accidents involving Mainor. The accident reports were admitted over Mainor's objections.
Both at trial and on appeal, Mainor argued that the admission of the accident reports violated § 32-10-11, Ala.Code 1975, which provides that police accident reports are inadmissible in any civil or criminal trial arising out of an accident. The statute provides:
"All accident reports made by persons involved in accidents or by garages shall be without prejudice to the individual so reporting and shall be for the confidential use of the director or of other state agencies having use for the records for accident prevention purposes; except, that the director may disclose the identity of a person involved in an accident when such identity is not otherwise known or when such person denies his presence at such accident. No such report shall be used as evidence in any trial, civil or criminal, arising out of an accident; except that the department shall furnish upon demand of any person who has, or claims to have made such a report, or upon demand of any court, a certificate showing that a specified accident report has or has not been made to the director solely to prove compliance or a failure to comply with the requirement that such a report be made to the director."
§ 32-10-11, Ala.Code 1975 (emphasis added).
In their brief to this court, Wood and Hayneville Telephone cite Rule 101, Ala. R. Evid., which provides that the recently adopted Rules of Evidence govern proceedings in the courts of Alabama. That rule, they argue, shows that "the clear and unambiguous intent of the Alabama Supreme *802 Court in promulgating the Alabama Rules of Evidence is that the Rules shall be deemed, for all purposes, to have superseded any prior cases or statutes which are in conflict, in any way, directly or indirectly," with the Rules of Evidence. However, the Rules of Evidence themselves tell us otherwise.
Rule 402, Ala. R. Evid., provides in pertinent part that, "All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States or that of the State of Alabama, by statute, by these rules, or by other rules applicable in the courts of this State." In his book Gamble's Alabama Rules of Evidence, § 402 (1995), Dean Gamble cites § 32-10-11 as an example of a statute that specifically excludes evidence that would otherwise be admissible.
Section 32-10-11 provides that no Alabama Uniform Accident Report shall be used as evidence in any civil or criminal trial arising out of an accident. The statute does not allow for an exception that would be applicable in this case. Therefore, we hold that the trial court erred in admitting the police accident reports. Any discussion as to whether the reports would be admissible under the "public records" exception of the hearsay rule is irrelevant.
Because the trial court erred in admitting the four accident reports at issue, the judgment is reversed and the cause is remanded for a new trial consistent with this opinion.
REVERSED AND REMANDED.
ROBERTSON, P.J., and YATES and THOMPSON, JJ., concur.
CRAWLEY, J., dissents.
CRAWLEY, Judge, dissenting.
I conclude that the trial court made no reversible error by admitting the accident reports.
I agree with the majority that § 32-10-11, Ala.Code 1975, states that automobile accident reports are inadmissible; however, the statute has not been interpreted as an absolute bar to admission. Dean Gamble and Frank S. James III discussed the statute in Perspectives on the Evidence Law of Alabama: A Decade of Evolution, 1977-1987, 40 Ala. L.Rev. 95 (1987). They wrote:
"B. Rule # 2: Although a Statute May Declare Certain Types of Evidence Inadmissible, The Evidence May Still be Admitted.

"A second form of statutory ambiguity affecting evidentiary analysis is created by statutes declaring certain evidence to be inadmissible. As suggested in the preceding discussion, the statutorily adopted word `admissible' cannot be taken literally. This is also true for evidence that has been labelled `inadmissible' by statute. Thus, the objecting party must determine the evidentiary evil, like hearsay or opinion, that the statute addresses. Stated differently, which evidentiary rule of exclusion did the legislature have in mind when it declared the described evidence inadmissible? After identifying the rule, the attorney must ask if the offered evidence satisfies an exception to exclusion. If so, the evidence will be admissible. This subsection discusses the judicial response to this issue in the last several years.
"The best example of this rule's application is found in appellate decisions dealing with the admissibility of police accident reports.... [Section 32-10-11] appears to mandate blanket inadmissibility. Indeed, Alabama lawyers practiced for over thirty years in the belief that such inadmissibility was absolute. During the past decade, however, Alabama courts have reinterpreted it to mean that accident reports are inadmissible only because they violate the hearsay rule.120 Once accident reports are declared inadmissible on only this ground, this implies that the reports will be admissible if the proponent can bring the offered report within some exception to the hearsay rule.121
120."Dennis v. Scarborough, 360 So.2d 278 (Ala. 1978) (police report containing admission by party admissible as past recollection recorded); Nettles v. Bishop, 289 Ala. 100, 266 So.2d 260 (1972) (nothing that police reports are hearsay); Gardner v. Williams, 390 So.2d 304 (Ala. Civ.App.) (police report containing observations *803 of officer admissible as past recollection recorded), cert. denied, 390 So.2d 308 (1981).
121. See Dennis, 360 So.2d at 279."
(Emphasis added.)
This case presents the issue whether the accident reports are admissible pursuant to the "public records exception" to the hearsay rule, Rule 803(8), Ala.R.Evid. Rule 803 states:
"The following are not excluded by the hearsay rule, even though the declarant is available as a witness:
"....

"(8) Public Records or Reports. Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth (A) the activities of the office or agency, or (B) matters observed pursuant to duty imposed by law as to which matters there was a duty to report, excluding, however, when offered against the defendant in criminal cases, matters observed by police officers and other law enforcement personnel, or (C) in civil actions and proceedings against the state or governmental authority in criminal cases, factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances lack of trustworthiness."
In Pike Taxi Co. v. Patterson, 258 Ala. 508, 63 So.2d 599 (1952), the supreme court implied that the business records exception to the hearsay rule would not allow the admission of an accident report because the statutory predecessor to § 32-10-11 did not require either that a permanent record of such reports be maintained or that such reports be filed as permanent records.
To determine whether the public records exception applies in this case, the court should first determine whether the reports are public records. Ala.Code 1975, § 41-13-1, defines "public records" as:
"[A]ll written, typed or printed books, papers, letters, documents and maps made or received in pursuance of law by the public officers of the state, counties, municipalities and other subdivisions of government in the transactions of public business and other subdivisions of government in the transactions of public business and ... also ... any record authorized to be made by any law of this state belonging or pertaining to any court of record or any other public record authorized by law or any paper, pleading, exhibit or other writing filed with, in or by such court, office or officer."
(Emphasis added.)
Ala.Code 1975, § 32-10-7, requires that:
"Every law-enforcement officer who in the regular course of duty investigates a motor vehicle accident, either at the time of and at the scene of the accident or thereafter by interviewing participants or witnesses, shall, within 24 hours after completing such investigation, forward the necessary completed written report or copy thereof of such accident to the director on the uniform accident report form supplied by the director."
(Emphasis added.) Because § 32-10-7 imposes a duty upon the investigating officer to file an Alabama Uniform Accident Report with the director of public safety, such a report is "made or received in pursuance of law" as contemplated by § 41-13-1, and, therefore, I conclude that the report is a public record.
The next issue is whether the reports, as public records, satisfy the requirements of admissibility pursuant to Rule 803(8). In addition to requiring that the reports be prepared by a public office or agency, Rule 803(8) also requires the following:
"First, that which is set forth in the record must fall into one of three categoriesi.e., it must concern the activities of the office, matters observed by public officials or factual findings resulting from investigation. Second, the trial court may exclude if the sources of information or other circumstances indicate the record's lack of trustworthiness."
C. Gamble, McElroy's Alabama Evidence, § 266.01(1) (5th ed.1996). All four accident reports satisfy the requirements of Rule 803(8). The information on the reports includes the description of the accident and information about the drivers; these are "factual findings resulting from investigation." *804 Mainor made no objection that the reports were not trustworthy. Mainor also made no other evidentiary objections, such as relevancy or undue prejudice, to the admission of the reports. I conclude that the trial court properly admitted the reports into evidence pursuant to Rule 803(8).
Because I conclude that the trial court properly admitted the accident reports, I will address Mainor's other issue on appeal. Mainor argues that the trial court erred by refusing the following requested jury charge:
"A physician is precluded from basing an opinion upon charts, records or hearsay statements by other health care professionals. If you find that any physician based his testimony upon the charts, records, or hearsay statements by other hearsay professionals, you may disregard his opinion in its entirety."
I conclude that the trial court properly refused the charge. The determination of whether certain testimony is hearsay is a question of law, not a question of fact. The proposed charge would have allowed the jury, the factfinder, to invade the province of the court to determine a question of law. Doctors Hospital of Mobile, Inc. v. Kirksey, 290 Ala. 220, 275 So.2d 651 (1973). I conclude that the trial court properly refused the charge, and I would affirm the judgment of the trial court.