I conclude that the trial court made no reversible error by admitting the accident reports.
I agree with the majority that § 32-10-11, Ala. Code 1975, states that automobile accident reports are inadmissible; however, the statute has not been interpreted as an absolute bar to admission. Dean Gamble and Frank S. James III discussed the statute in Perspectives on the Evidence Law of Alabama. ADecade of Evolution, 1977-1987, 40 Ala. L.Rev. 95 (1987). They wrote:
 "B. Rule # 2: Although a Statute May Declare Certain Types of Evidence Inadmissible, The Evidence May Still be Admitted.
 "A second form of statutory ambiguity affecting evidentiary analysis is created by statutes declaring certain evidence to be inadmissible. As suggested in the preceding discussion, the statutorily adopted word 'admissible' cannot be taken literally. This is also true for evidence that has been labelled 'inadmissible' by statute.
Thus, the objecting party must determine the evidentiary evil, like hearsay or opinion, that the statute addresses. Stated differently, which evidentiary rule of exclusion did the legislature have in mind when it declared the described evidence inadmissible? After identifying the rule, the attorney must ask if the offered evidence satisfies an exception to exclusion. If so, the evidence will be admissible. This subsection discusses the judicial response to this issue in the last several years.
 "The best example of this rule's application is found in appellate decisions dealing with the admissibility of police accident reports. . . . [Section 32-10-11] appears to mandate blanket inadmissibility. Indeed, Alabama lawyers practiced for over thirty years in the belief that such inadmissibility was absolute. During the past decade, however, Alabama courts have reinterpreted it to mean that accident reports are inadmissible only because they violate the hearsay rule.[120] Once accident reports are declared inadmissible on only this ground, this implies that the reports will be admissible if the proponent can bring the offered report within some exception to the hearsay rule.[121] *Page 803 
(Emphasis added.)
This case presents the issue whether the accident reports are admissible pursuant to the "public records exception" to the hearsay rule, Rule 803(8), Ala.R.Evid. Rule 803 states:
 "The following are not excluded by the hearsay rule, even though the declarant is available as a witness:
". . . .
 "(8) Public Records or Reports. Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth (A) the activities of the office or agency, or (B) matters observed pursuant to duty imposed by law as to which matters there was a duty to report, excluding, however, when offered against the defendant in criminal cases, matters observed by police officers and other law enforcement personnel, or (C) in civil actions and proceedings against the state or governmental authority in criminal cases, factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances lack of trustworthiness."
In Pike Taxi Co. v. Patterson, 258 Ala. 508, 63 So.2d 599
(1952), the supreme court implied that the business records exception to the hearsay rule would not allow the admission of an accident report because the statutory predecessor to §32-10-11 did not require either that a permanent record of such reports be maintained or that such reports be filed as permanent records.
To determine whether the public records exception applies in this case, the court should first determine whether the reports are public records. Ala. Code 1975, § 41-13-1, defines "public records" as:
 "[A]ll written, typed or printed books, papers, letters, documents and maps made or received in pursuance of law by the public officers of the state, counties, municipalities and other subdivisions of government in the transactions of public business and other subdivisions of government in the transactions of public business and . . . also . . . any record authorized to be made by any law of this state belonging or pertaining to any court of record or any other public record authorized by law or any paper, pleading, exhibit or other writing filed with, in or by such court, office or officer."
(Emphasis added.)
Ala. Code 1975, § 32-10-7, requires that:
 "Every law-enforcement officer who in the regular course of duty investigates a motor vehicle accident, either at the time of and at the scene of the accident or thereafter by interviewing participants or witnesses, shall, within 24 hours after completing such investigation, forward the necessary completed written report or copy thereof of such accident to the director on the uniform accident report form supplied by the director."
(Emphasis added.) Because § 32-10-7 imposes a duty upon the investigating officer to file an Alabama Uniform Accident Report with the director of public safety, such a report is "made or received in pursuance of law" as contemplated by §41-13-1, and, therefore, I conclude that the report is a public record.
The next issue is whether the reports, as public records, satisfy the requirements of admissibility pursuant to Rule 803(8). In addition to requiring that the reports be prepared by a public office or agency, Rule 803(8) also requires the following:
 "First, that which is set forth in the record must fall into one of three categories — i.e., it must concern the activities of the office, matters observed by public officials or factual findings resulting from investigation. Second, the trial court may exclude if the sources of information or other circumstances indicate the record's lack of trustworthiness."
C. Gamble, McElroy's Alabama Evidence, § 266.01(1) (5th ed. 1996). All four accident reports satisfy the requirements of Rule 803(8). The information on the reports includes the description of the accident and information about the drivers; these are "factual findings resulting from investigation." *Page 804 
Mainor made no objection that the reports were not trustworthy. Mainor also made no other evidentiary objections, such as relevancy or undue prejudice, to the admission of the reports. I conclude that the trial court properly admitted the reports into evidence pursuant to Rule 803(8).
Because I conclude that the trial court properly admitted the accident reports, I will address Mainor's other issue on appeal. Mainor argues that the trial court erred by refusing the following requested jury charge:
 "A physician is precluded from basing an opinion upon charts, records or hearsay statements by other health care professionals. If you find that any physician based his testimony upon the charts, records, or hearsay statements by other hearsay professionals, you may disregard his opinion in its entirety."
I conclude that the trial court properly refused the charge. The determination of whether certain testimony is hearsay is a question of law, not a question of fact. The proposed charge would have allowed the jury, the factfinder, to invade the province of the court to determine a question of law.Doctors Hospital of Mobile, Inc. v. Kirksey, 290 Ala. 220,275 So.2d 651 (1973). I conclude that the trial court properly refused the charge, and I would affirm the judgment of the trial court.
[120] "Dennis v. Scarborough, 360 So.2d 278 (Ala. 1978) (police report containing admission by party admissible as past recollection recorded); Nettles v. Bishop, 289 Ala. 100,266 So.2d 260 (1972) (noting that police reports are hearsay);Gardner v. Williams, 390 So.2d 304 (Ala.Civ.App.) (police report containing observations of officer admissible as past recollection recorded), cert. denied, 390 So.2d 308 (1981).
[121] "See Dennis, 360 So.2d at 279."