MOORE, Chief Justice.
Dorothy Crusoe and her granddaughter, Erica Boyd, by and through her mother and next friend, Latricia Witherspoon (hereinafter referred, to collectively as “Crusoe”), appeal from an order of the Jefferson Circuit Court denying their motion for a new trial. We affirm.

I. Facts and Procedural History

This case arises from an automobile accident that occurred in Bessemer. Dorothy Crusoe claims that while she was driving south on Fourth Avenue she stopped at a red light at the corner of Fourth Avenue and Eleventh Street. Her grand: daughter, Erica Boyd, then nine years old, was in the passenger seat. Dorothy Crusoe testified that, as she began turning right onto Eleventh Street, a car accelerated out of a parking space to her right and struck her passenger-side door, fracturing Erica’s arm and causing injuries to Dorothy Crusoe. The driver of the other vehicle, Juanita Davis, testified that, to the contrary, she was sitting in her parked car with the engine turned off when Dorothy Crusoe’s vehicle sideswiped her vehicle.
Crusoe sued Davis under a negligence theory seeking damages for medical expenses and for past and future pain and suffering. Dorothy Crusoe additionally sought damages for lost wages. A Jefferson County jury, after hearing the evidence and being instructed on negligence, returned a verdict for Davis. Crusoe filed a motion for a new trial, which was denied. She appeals, arguing that the trial court erred in not allowing the policeman who prepared the accident report to testify as to the contents of that report, which testimony, Crusoe alleges, would refute Davis’s testimony that her vehicle was not in motion at the time of the accident.

II. Standard of Review

A. Motion for a New Trial
“The; decision to grant or to deny a motion for new trial rests within the sound discretion of the trial court, and the exercise of that discretion will not.be disturbed on appeal unless some legal right was abused and the record plainly and palpably shows that the trial court was in .error.”
Green Tree Acceptance, Inc. v. Standridge, 565 So.2d 38, 45 (Ala.1990). Appealing from the denial of a motion for a new trial does not of itself limit the issues that may be raised on appeal.
“Any error or ground of reversal or modification of a judgment or order which was asserted in the trial court may be asserted on appeal without regard to whether such error or ground has been raised by motion in the trial court under Rule 52(b) or Rule 59 of the [Alabama Rules of Civil Procedure].”
Rule 4(a)(3), Ala. R.App. P. See also Clark v. Black, 630 So.2d 1012 (Ala.1993).
*1202 B. Exclusion of Evidence
“Trial judges have wide discretion to exclude or admit evidence.... The test is that the evidence must ... shed light on the main inquiry, and not withdraw attention from the main inquiry.” Ryan v. Acuff, 435 So.2d 1244, 1247 (Ala.1983). Errors in the exclusion of evidence are subject to a harmless-error rule.
“No ... new trial [may be] granted in any civil ... case on the ground of ... the improper ... rejection of evidence ... unless in the opinion of the court to which the appeal is taken or application is made, after an examination of the entire cause, it should appear that the error complained of has probably injuriously affected substantial rights of the parties.”
Rule 45, Ala. R.App. P. “The burden of establishing that an erroneous ruling was prejudicial is on the appellant.” Preferred Risk Mut. Ins. Co. v. Ryan, 589 So.2d 165, 167 (Ala.1991). A judgment will not be reversed for erroneous exclusion of evidence unless “the substance of the evidence was made known to the court by offer or was apparent from the context within which questions were asked.” Rule 103(a)(2), Ala. R. Evid. “An offer of proof customarily includes calling the court’s attention to the expected answer and explaining the relevancy of that answer.” Committee Comments to Rule 103, Ala. R. Evid.
C. Preservation of Error
Generally this Court will not address the merits of an argument that is raised for the first time on appeal. Chatman v. City of Prichard, 431 So.2d 532, 533 (Ala.1983). “[M]atters raised on appeal must have been presented to the trial court at some stage.” Committee Comments to Rule 4, Ala. R.App. P.

III. Discussion

Crusoe raises three issues on appeal, all of which relate to the admissibility of the accident report and the testimony of the officer who prepared it. She argues that the narrative-summary portion of the report was admissible, that the officer who prepared the report should have been allowed to testify as to admissions made by Davis at the scene, and that the trial court should have allowed the officer to testify on rebuttal as to admissions against interest made by Davis. Rule 801(d)(2), Ala. R. Evid.
A. The Accident Report
The trial court in remarks to the jury before opening statements made its views clear:
“[I]n a lot of these trials you will see that there is a police report, an accident report. In this trial and in the State of Alabama, usually there will not be an accident report, and the reason ... is because it’s hearsay. That’s an out-of-court statement that is offered to prove the truth of the matter asserted. So whatever is on an accident report is deemed to be hearsay and not admissible evidence to prove anything that is contained within the accident report.”
Before the court’s remarks to the jury, Crusoe’s counsel had argued to the court in a bench conference that the narrative portion of the report was admissible as an admission against interest, but the court did not agree that such a consideration could overcome the hearsay problem.
After the reading of the treating physicians’ depositions, Crusoe called to the witness stand Donald Cartier, the police officer who had responded to the scene of the accident. Officer Cartier had been employed by the Bessemer Police Department for 21 years and was a certified accident-reconstruction specialist. He had *1203 reconstructed about 100 accidents and investigated thousands of others. Crusoe did not attempt to qualify Officer Cartier as an expert to give his opinion as to how the accident occurred. Instead she sought to have the narrative description in the accident report admitted under the admission-by-party-opponent exclusion of the hearsay rule. See Rule 802(d)(2), Ala. R. Evid.
The trial court did not allow the accident report to be admitted as evidence for the purpose of being read to the jury or examined by it. The trial court, however, did identify the accident report as exhibit nó. 7 for purposes of a proffer of testimony outside the hearing of the jury.[1] The exclusion of the “Narrative and Diagram” section of the accident report from jury consideration is the focus of this appeal. That section contains a diagram of the intersection of Fourth Avenue and Eleventh Street. On that diagram are drawn outlines of two vehicles: Unit # 1 and Unit # 2. Unit # 1 represents Davis’s vehicle, and Unit # 2 represents Dorothy Crusoe’s vehicle. Both vehicles have arrows behind them indicating that they are in motion. Unit #2 is depicted making a right-hand turn at the comer; Unit # 1 appears to be moving directly into the turning path of unit #2. Beneath the diagram is a box entitled “Officer’s Opinion of What Happened.” In that box is the following handwritten statement: “Unit # 2 was traveling south on 4th Ave and attempted to turn right onto 11th St. As she did Unit #1 passed Unit #2 on the right. Both véhides collided as Unit # 2 turned.”
The diagram and narrative description, if admissible, would support the contention that Davis’s vehicle was in motion at the time of the accident. During argument before the trial court on Davis’s motion in limine seeking to exclude the accident report, counsel for Davis stated that “the diagram indicates [that Davis] drove forward and collided with the plaintiffs.”
B. Police Reports as Hearsay
Alabama courts have acknowledged the general principle that- police reports, whether of accidents or other events, may be excluded as hearsay.[2] See Gardner v. Williams, 390 So.2d 304, 307 (Ala.Civ.App.1980) (noting that “the reports of investigating officers are not ordinarily admissible as they are deemed hearsay”); Nettles v. Bishop, 289 Ala. 100, 105, 266 So.2d 260, 264 (1972) (noting the apparent general rule that “the report of an investigating officer is not admissible in evidence as being hearsay”); and Vest v. Gay, 275 Ala. 286, 290, 154 So.2d 297, 300 (1963) (acknowledging “the settled rule in our jurisdiction that the reports of investigating officers are not admissible in evidence, as being hearsay”).
The portions of a police report, however, that reflect the officer’s firsthand knowledge may be admissible. See Rule 602, Ala. R. Evid. (stating that a witness must have “personal knowledge of the matter”). In this case counsel for Crusoe did not seek to elicit testimony about Officer Cartier’s own observations after he arrived at the scene of the accident. Officer Cartier was not asked where the vehicles wpre located, what damage to the vehicles he observed, or if debris or skid marks were visible on the road. Instead, the sole pur *1204 pose of Crusoe’s questioning of Officer Cartier at trial was to discover what those involved in the accident had told him about the cause of the crash, an event he had not observed. Such statements are hearsay.
Crusoe nonetheless argues that Officer Cartier’s accident report is admissible under an exception to the hearsay rule — the admission by a party opponent, i.e., Davis. See Rule 802(d)(2); Ala. R. Evid. Davis counters that Officer Cartier stated on the witness stand that he could not remember the accident. How then could he testify as to what Davis told him? Crusoe in turn argues that reviewing the accident report refreshed Officer Cartier’s memory, thereby allowing him to testify about his conversation with Davis. See Rule 612, Ala. R. Evid.
C. Present Recollection Revived
Counsel for Crusoe questioned Officer Cartier:
“Q. Do you recall specifically this wreck?
“A. No, sir.
“Q. And is that because — you investigate, what, hundreds of wrecks- a year?
“A. ‘ Yes, sir, a whole lot and this happened so long ago.[3] And I do remember bits and pieces of it, but to actually remember the exact circumstances I — I don’t.
“Q. Okay. Well, I have here the wreck report that has your signature on it. Would it help you with regard to your testimony today to have this to refresh your memory?
“A. Yes, sir, it would.
[[Image here]]
“Q. Using the wreck report there to refresh your recollection, can you tell :the jury what you found upon said interview?
“A. Yes, sir. I’ve labeled each driver. I’ve given them a unique number, and Driver Number 1 would be Ms. Davis and Driver Number 2 would be Ms. Crusoe. And when I interviewed both drivers I came to the conclusion that both vehicles were traveling south on 4th Avenue.... ”
Although Crusoe’s counsel spoke of refreshing Officer Cartier’s recollection, that terminology is incorrect. Officer Cartier, in fact, was merely reading from the report rather than independently recollecting the events. On cross-examination, counsel for Davis questioned Officer Cartier:
“Q. [Y]ou really just don’t recall this accident, other than what you’re reading off that piece of paper. Is that right?
“A. Yes, sir. You’re right.” •
The trial judge commented: “Now, if this witness came up here and said ‘yes, it refreshes my recollection. Now I do recall whát they told me; I do recall,’ then we would be in a totally different place, but he does not.” The doctrine of “present recollection revived” applies “when the witness is able to look at a memorandum and from it, have his memory so refreshed that the witness can testify, as a matter of independent recollection, to facts pertinent to the issue.” In-that event “the witness’ testimony, not the writing, ... becomes evidence in the case.” 1 Charles W. Gamble & Robert J. Goodwin, McElroy’s Alabama Evidence § 116.01 (6th ed.2009). See Ex parte Scott, 728 So.2d 172, 185 (Ala.1998) (concluding that the witness’s “statement, Yeah, I’m remembering now’ sufficiently *1205 indicated] that the statement had refreshed his memory”).
This distinction is important because a witness whose recollection is revived can testify about matters not contained in the memorandum the witness is reviewing. The written document is merely a catalyst for the witness’s independent recollection.' “[T]he writing ... is not offered as evidence at all. It is the refreshed recollection of the witness, as stimulated and issuing in the form- of oral testimony, that is the evidence.” McElroy’s Evidence § 116.01 n. 3. Because Officer Cartier admitted he had no independent recollection of the contents- of the accident report, the trial court acted within its discretion in forbidding him from testifying about statements the parties made that were not recorded in that report.
D. Past Recollection Recorded
Even if an investigating officer has no present recollection of the accident and viewing the report does not refresh the officer’s memory, the accident report the officer prepared may still be admissible under the “past-recollection-recorded” exception to the hearsay rule.
“The second use of a memorandum occurs when the witness, after examining the memorandum, cannot testify to an existing knowledge of the fact, independent of the memorandum. This use of the memorandum is often referred to as past recollection recorded; and if the witness testifies that, at or about the time the memorandum was made, he knew its contents and knew them to be true, then both his testimony and the memorandum become admissible. The memorandum and the witness’ testimony are the equivalent of a- present positive statement of the witness affirming the truth of the contents of the memorandum.”
McElroy’s Evidence § 116.01. Rule 803(5), Ala. R. Evid., describes the hearsay exception of “Recorded Recollection”:
“A memorandum or record concerning, a matter about which a witness once had knowledge but now has insufficient recollection to enable the witness to testify fully and accurately, shown to have been made or adopted by- the witness when the matter was fresh in the witness’s memory and to reflect that knowledge correctly.” ' '
The doctrine of past recollection recorded does not of itself convert hearsay statements in the accident report into admissible evidence.
“A writing which would otherwise be inadmissible hearsay may be admitted if it qualifies as a ‘past recollection recorded.’ To fall within this exception, however,, the -statements in that writing must be statements which the witness would have been able to testify to if he had had a present recollection of the event at the time of the trial. In this case, the officer had no first hand knowledge of the accident and the plaintiff did not attempt to qualify him as an expert'who could'testify as to the-cause of the collision.' - His hearsay statements on the report were not made admissible merely by putting them in uniting,, and nothing else appears in this case to make his hearsay admissible.”
Worsham v. Fletcher, 454 So.2d 946, 948 (Ala.1984) (emphasis added). In this case, Officer Cartier had no firsthand knowledge of what happened when the accidént occurred. His report merely reflected information he had gathered from Dorothy Crusoe and Davis after the fact. -Thus, the report is not admissible under the past-recollection-recorded exception to the hearsay rule. See Stevens v. Stanford, 766 So.2d 849, 852 (Ala.Civ.App.1999) (noting that “the accident report in this case was *1206 inadmissible because neither of the investigating officers was a witness to the accident and their report recounts the statements and conclusions of others”). Crusoe argues, however, that the narrative summary in the accident report is admissible as the admission of a party opponent.
E. Admission by Party Opponent
A statement that would otherwise qualify as hearsay is not hearsay if “[t]he statement is offered against a party and is ... the party’s own statement in either an individual or a representative capacity.” Rule 801(d)(2)(A), Ala. R. Evid. Because an admission by a party opponent that is offered against that party is not hearsay, Officer Cartier’s testimony that Davis stated that her vehicle was moving at the time of the accident would be admissible. However, the admission-by-party-opponent rule does not apply to an inference that a statement was made. The actual statement alleged to have been made must itself be offered into evidence. The rule requires that the statement sought to be admitted is, as applicable to this case, “the party’s own statement.” Rule 801(d)(2)(A), Ala. R. Evid. “A ‘statement’ is (1) an oral or written assertion or (2) nonverbal conduct of a person, if it is intended by the person as an assertion.” Rule 801(a), Ala. R. Evid. “The hearsay evidence objection applies only to offered evidence that constitutes a statement. Such a statement is normally in the form of a verbal assertion and may be oral or written.” Advisory Committee’s Notes to Section (a), Rule 801, Ala. R. Evid. (emphasis added).
The statement Crusoe sought to admit into evidence is an oral assertion by Davis that her vehicle was moving at the time of the accident. However, Officer Cartier’s accident report records no statements attributable to Davis. It contains only Officer Cartier’s opinion as to how the accident occurred. See Davis’s brief, at 5 (noting “that neither of the drivers were quoted in the narrative section”). Officer Cartier most likely derived the description of the accident recorded in the report from what Dorothy Crusoe and Davis told him, but the hearsay exception for an admission by a party opponent requires the existence of a statement by that opponent, not merely an inference that a statement was made.
To circumvent this problem, Crusoe sought to offer Officer Cartier’s testimony that, if Davis had told him her vehicle was not moving at the time of the accident, he would have included that statement in his report. During a proffer outside the hearing of the jury, counsel for Crusoe asked Officer Cartier: “Now, also, if [Davis] had stated that at the time of the wreck that she was standing stock still- and that my client, Ms. Crusoe, actually collided with her vehicle, would you have included that statement on your wreck report?” The trial court rejected such testimony as “pure speculation,” and Davis objected to it as “proving a negative.” In any event, testimony about a statement that was not made cannot satisfy the statement requirement of Rule 801(d)(2).
Because Officer' Cartier’s accident report contains no statements attributed to Davis, Rule 801(d)(2) is inapplicable. See Lingefelt v. International Paper Co., 57 So.3d 118, 129 (Ala.Civ.App.2010) (refusing to consider information in a manufacturing-plant-accident report as the admission of a party opponent when the report itself did not attribute any of the pertinent information to the party opponent and the report contained the conclusions of the investigator “drawn from his own observations and from his conversations with others, including [the party opponent]”). See also Worsham, 454 So.2d at 948 (holding that an accident report “based on what other people told the officer, not on what he saw” was inadmissible where “the report *1207 did not indicate that the statements made to the officer were attributable to the defendant”).

TV. Conclusion

Because Officer Cartier had no independent memory of what Davis said to him at the accident scene and because his report contains no statement by Davis that could qualify as the admission of a party opponent, the trial court properly exercised its discretion in excluding the accident report as inadmissible hearsay.
AFFIRMED.
MURDOCK, MAIN, and BRYAN, JJ., concur.
MOORE, C.J., concurs specially.
BOLIN, J., concurs in the result.

. Although the trial exhibits were not included in the record on appeal, the accident report is in the record as an exhibit to Officer Cartier's affidavit in support of Crusoe’s motion for a new trial.

. “ 'Hearsay'' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.” Rule 801(c), Ala. R. Evid.

. The accident occurred on May 22, 2012. Officer Cartier testified at trial in late January 2014.